JOHN MLNAZEK v. ALBERT LIBERA and Another.

November 27, 1899.

Nos. 11,767—(120).

### Reformation of Contract—Fraud of Former Partner—Partnership Account.

L. and M. were partners in contract work, and the defendant company issued to the firm its policy, whereby it agreed to pay to the assured any sums which they might become legally liable for on account of personal injuries to any of their employees. After a liability under the policy had accrued, the company and L., by false and fraudulent representations, induced M. to sign a contract to which L. had signed the firm and his own name, whereby the policy was surrendered to the company, and it was released from all liability on account thereof. This action was brought by M. against L. and the company to reform the contract so that it would express the contract as it was represented to him to be, or to cancel it. It appeared on the trial that the co-partnership had been dissolved, but there was no finding nor proof as to the state of the partnership accounts, or as to whether the plaintiff had in fact any actual interest in the firm asset so released other than as might be inferred, if at all, from the fact that he was a member of the firm. *Held*, that he was not entitled to have the release reformed or cancelled.

Action in the district court for Winona county against Albert Libera and the Standard Life & Accident Insurance Company of Detroit, Michigan, for reformation of a release, or in case such relief should be denied for its cancellation. The court, Snow, J., submitted certain questions to a jury, whose findings were incorporated by the court in its findings. As conclusions of law the court found that plaintiff was not entitled to any part of the relief demanded, and that defendants were entitled to a dismissal of the action. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Brown & Abbott*, for appellant.

*Webber & Lees* and *McLaughlin & Boyesen*, for respondents.

START, C. J.

The plaintiff seeks by this action to have a certain release, which he alleges he was induced to execute by the fraud of the defendants,

reformed so as to express the actual contract between the parties, or, in case that is denied, that it be cancelled, and adjudged of no force and effect. The cause was tried by the court, and upon its findings of fact judgment on the merits was entered for the defendants, from which the plaintiff appealed.

There is no case or bill of exceptions, and the general question for our decision is whether the facts found by the court sustain its judgment. The short facts, as found by the court, are these:

The plaintiff and Libera, on June 11, 1894, were co-partners engaged in contract work under the firm name of Libera & Mlnazek. The partnership was dissolved some time after September 26, 1896, and before the commencement of this action, but it does not appear from the evidence that the firm accounts and affairs have been settled. On the first-named date the defendant the Standard Life & Accident Insurance Company, hereinafter referred to as the "Company," executed to the firm an indemnity policy, whereby it agreed to pay the assured all sums which, during 12 months from the date of the policy, they might become legally liable for on account of personal injuries to their employees. During the life of the policy two of the employees of the firm were killed by an accident while in the line of their duty as such employees, whereby the firm became liable for damages to an amount exceeding $6,000, for which judgments were afterwards recovered against them. The company took charge of the defense of the actions in which the judgments were recovered, and the firm rendered services and incurred expenses to and for the company in the defense of the actions, the aggregate value of which did not exceed $150.

On September 26, 1896, Libera & Mlnazek, as a firm, per hand of Libera, and each of the members of the firm individually, signed a written instrument whereby as co-partners, also jointly and severally, they surrendered and delivered the policy to the company, and released it from all liability to them, or either of them, on account thereof. After the execution of the release, it was, with the consent of Mlnazek, placed in the hands of Libera to be delivered. The company did not at this or any other time agree, as alleged in the complaint, or otherwise, with the firm, or with either member thereof, to pay the firm $500 if they would release it from all claims they

had against it by reason of the services and expenses so rendered and incurred.

The question whether Mlnazek was induced to sign this release by the fraud of the company and Libera was submitted to the jury, which found, in effect, that the agent of the company and Libera, to induce Mlnazek to sign the release, falsely and fraudulently represented to him that the same contained a statement that the firm of Libera & Mlnazek thereby, in consideration of $500, released the company from all claims and demands which the firm had against the company for services rendered to it, but in all other respects the company should be bound by the terms of its insurance policy issued to the firm; that he believed the representations to be true, and was thereby influenced to sign the release himself, and to consent to the signing thereof with the name of the firm. Libera retained possession of the instrument and policy for some four days, refusing in the meantime to deliver them to the company on the payment of $500, but demanded $1,000 for them, which sum the company finally paid him October 1, 1896, for their delivery to it, and such payment was made as a consideration for a release as expressed in such instrument, and for no other purpose. Some three weeks thereafter Libera paid to Mlnazek $225, only, as his share of such consideration, which sum he retained until July 16, 1898, when he tendered it to the company, and notified it of his intention to rescind the release. The tender was refused. The trial court, upon these facts, found as a conclusion of law that the plaintiff was not entitled to any relief, and ordered judgment for the defendants.

The plaintiff urges that the court erred in finding that the company did not enter into a contract with him to pay the firm $500 for a release of their claim for services and expenses of the firm in defending the action. This claim is based upon the proposition that the special finding of the jury necessarily includes a finding that such a contract was made; that the finding of the court to the contrary is a nullity, because the verdict must control. The claim of the defendants is, in effect, that the making of the alleged contract was an issue in the case that was reserved for trial by the court, and tried by it, and that the question submitted to the jury related

solely to the alleged misrepresentations as to the contents of the release, and the effect thereof upon plaintiff.

It may be conceded, for the purpose of this appeal, that the contention of the plaintiff is correct; but it does not follow from this that the plaintiff is entitled to have the contract reformed. The subject-matter of the release was a firm asset, which was in form released to the company for the consideration therein expressed. The release is perfectly valid as to Libera, who was in no manner imposed upon. He acted with full knowledge in the premises; therefore it cannot be reformed as to him. If it is reformed as to the plaintiff alone, then we would have a firm contract which as to one of the parties only releases the company from all claims on account of the services and expenses of the firm rendered and incurred to and for the company, while as to the other partner it releases the company from all liability on account of its policy to the firm,—a separate and independent firm asset. The result would be a contract which none of the parties ever intended to make. Equity will not make a new and anomalous contract for parties under the guise of reforming a written instrument improperly drawn through fraud. Clearly, the plaintiff is not entitled to have the release reformed as prayed for.

It does not, however, follow that he is remediless, for he is entitled to obtain the very right of which he was deprived through fraud. Now, what was that right? It was the right to recover the value of his actual share of the firm demand released. Whether such share was of more than nominal value depends upon the state of the accounts between the partners. There is nothing in the complaint or findings of fact indicating the terms of the co-partnership as to the ownership of the firm assets, or as to the division of the profits or losses between the respective members of the firm, or as to the state of the partnership accounts, or as to the value of the plaintiff's actual interest in the firm asset surrendered. It may be conceded, without so deciding, that, if the plaintiff had established the fact that he had a substantial interest in the surrendered asset, equity would, as to him, cancel the release, or so limit its operation that it would not be an obstruction to the assertion of his actual interest in the policy as a firm asset. But a party invoking the aid

of equity must show affirmatively that he is entitled to the relief he asks.   This the plaintiff has not done.

Whatever loss, if any, a final settlement of the partnership accounts may show that the plaintiff has sustained by reason of the fraud practiced upon him by the company and his partner he is entitled to have made good to him; no more, no less.   See Sweet v. Morrison, 103 N. Y. 235, 8 N. E. 396.   It would seem that he had an adequate legal remedy by an action for damages for the fraud of the company and his partner, whereby he was deprived of his interest in the policy.   However this may be, we are of the opinion that the facts found by the trial court and jury do not entitle the plaintiff to have the contract reformed or cancelled.

Judgment affirmed.