JOHN MLNAZEK v. ALBERT LIBERA and Another.[1]

May 24, 1901.

Nos. 12,548—(91).

### Fraud—Election of Remedies.

A contract tainted with fraud is ordinarily voidable and not void, and the party fraudulently induced to enter into the same has the election of two remedies: (1) He may, upon discovering the fraud, rescind and repudiate the contract, and demand to be placed in statu quo; or (2) he

[1] Reported in 86 N. W. 100.

may affirm the contract and treat it as valid, and recover damages for the fraud.

## Return of Consideration.

If he elect to stand by the contract and treat it as valid, he need not, as a condition precedent to his right of action to recover for the fraud, return or offer to return the consideration received by him.

## Complaint Good.

Complaint in this action construed, and *held* to state a cause of action for damages resulting to plaintiff from the fraudulent procurement from him of the written contract referred to in the opinion.

Appeal by defendant Standard Life & Accident Insurance Company from an order of the district court for Winona county, Snow, J., overruling a demurrer to the complaint. Affirmed.

*McLaughlin & Boyeson* and *Webber & Lees*, for appellant.

*Brown, Abbott & Somsen*, for respondents.

BROWN, J.

Appeal from an order overruling a general demurrer to the complaint. The complaint alleges substantially the following facts: Plaintiff and defendant Libera were on July 24, 1894, and prior thereto, co-partners engaged in contract work under the firm name of Libera & Mlnazek. On the day named, defendant Standard Life & Accident Insurance Company issued and delivered to the co-partnership a contract of insurance thereby indemnifying the firm against liability for injury to any of their employees caused while engaged in the course of their employment, and by which it contracted to pay to the firm all sums which they might become liable for in case of such injuries during the time stated in the policy. Subsequent to the issuance of the policy, and during its life, the firm was engaged in the digging and construction of a cistern at Walnut Grove, this state, in and about which two of their employees were killed by the caving in of the walls of the cistern. Separate actions were subsequently brought by the personal representatives of the deceased laborers against the co-partnership, in which a total recovery of about $6,000 was obtained; and the judgments stand as a liability against the firm, as well as against the individual members thereof. The firm is, and was at

the time of the recovery in said actions, wholly insolvent, individually and as co-partners. Prior to the commencement of this action an accounting was had between them of all firm matters, save the liability of the insurance company, and the co-partnership dissolved. There are no firm assets, other than the said policy of insurance. The complaint further alleges that defendant Libera fraudulently connived and conspired with the insurance company to cheat and defraud plaintiff out of his interest in the policy, and to that end, by false and fraudulent representations as to its contents, procured plaintiff to sign a written agreement relinquishing and releasing the company from all liability thereon in consideration of the payment of the sum of $500. The written release alleged to have been thus fraudulently obtained and entered into between the company and Libera purports to release the company from all obligations. under the policy, and is signed by the firm and by each individual member.

In a former action between the same parties, brought to reform this contract and to recover on the policy, which is reported in 78 Minn. 151, 80 N. W. 866, it was held that the contract could not be reformed, because to do so would make a contract neither party intended to enter into, viz., a contract which would, in effect, release the company as to one of the firm, and render it liable as to the other. But it was further held, because the contract could not be reformed, plaintiff was not remediless, and was entitled to every right of which he was deprived by the fraud of his co-partner and the company. The complaint in its present form was evidently drawn to meet the suggestions of the court in that case, and we are of opinion that it states a cause of action, within the law as there laid down.

1. Appellant contends that no cause of action is stated, because the policy is not shown by the complaint to be a firm asset. The contention in this respect is that the complaint alleges that the copartnership was formed on September 24, 1894, and that, as the policy was issued prior to that time, it could not have been issued to the firm. A fair and reasonable construction of the complaint is a full and complete answer to this contention. The allegations thus construed fairly show that the co-partnership existed at the

time of the issuance of the policy. The policy was issued to the firm of Libera & Mlnazek, and the allegations sufficiently show, by fair intendment, that they were co-partners at that time.

2. Appellant also contends that the release of the insurance company, having been procured by fraud, was a nullity, not binding upon the plaintiff, and that his remedy is by direct action upon the policy; that, inasmuch as the release of the company was obtained by fraud, it is void as to plaintiff, in consequence of which he was in no way injured by it, and cannot maintain an action for damages for the fraud.

It may be stated, as a general rule, that fraud in a contract does not necessarily render it void. The fact that fraud entered into it, or that one party was induced to make the same by the fraud of the other, is perfectly consistent with the existence of the agreement. It is not, therefore, as a rule, void, but only voidable at the election of the defrauded party. Cochran v. Stewart, 21 Minn. 435, 439; 14 Am. & Eng. Enc. 156.

It may also be stated, as a general principle of law, that a party who has been induced by fraud to enter into a contract has the election of two remedies: (1) He may, upon discovering the fraud, rescind and repudiate the contract, and demand to be placed in statu quo; or (2) he may affirm the contract, and sue for damages caused and suffered by the fraud. 1 Bigelow, Fraud, 68, 73, and cases cited; Haven v. Neal, 43 Minn. 315, 45 N. W. 612. This was substantially held in Stanek v. Libera, 73 Minn. 171, 75 N. W. 1124, —an action involving this same contract.

These general rules control this case, and we have only to inquire whether the complaint states a cause of action within them. It alleges that Libera settled with the insurance company, and released it from all liability on the policy, and the agreement of release and discharge is set out therein. From this it appears that a settlement was in fact made. Whether Libera had authority, as a member of the firm, to make it on the terms shown, we need not inquire. The fact remains that he settled with the company, and delivered to it a written contract in evidence thereof, which contract was, with the connivance of the company, fraudulently procured from plaintiff by the false and fraudulent repre-

sentations that it was a release of its liability to pay the expenses of the litigation against the firm. The contract as actually written went far beyond this, and released the company from all liability, was clearly a fraud upon the rights of plaintiff, and, within the rule stated, voidable as to him, though perhaps valid and binding as to Libera. He had the right to rescind and repudiate it, or permit it to stand as a valid release of the company, according to its purport, and recover his damages for the fraud. He did not rescind or repudiate upon discovering the fraud, but, instead, brought this action to recover the damages alleged to have been sustained; and he must be deemed, as a matter of law, to have affirmed it. The allegations with reference to the terms of the contract, as understood by plaintiff to have been inserted in the writing pursuant to the oral agreement, are not to be treated as distinct and positive assertions that the written contract was not made and entered into, but solely as bearing on the question, and as tending to show that a fraud was practiced upon him when he was procured and induced to sign the writing. Our conclusions are that the complaint, by fair and reasonable construction, shows the making of a valid agreement releasing the company, which was procured from plaintiff by the false and fraudulent acts and representations of Libera and the insurance company, and that he may recover the damages suffered by him by reason of the fraud, as held in Mlnazek v. Libera, supra. See also Sweet v. Morrison, 103 N. Y. 235, 8 N. E. 396.

The suggestion that the action cannot be maintained because plaintiff has not returned the consideration paid by the insurance company for the fraudulent release of its liability is not sound. A full answer to the contention is that plaintiff never received such consideration, nor any part of it. It was the price received by his co-partner for his dishonesty, and no part of it is shown to have reached the plaintiff. And, besides, plaintiff does not seek to rescind the contract, but asks to recover damages resulting to him from the fraud, and in such cases a return of the consideration is unnecessary. Haven v. Neal, supra.

The order appealed from is affirmed.