I. L. CORSE & COMPANY v. MINNESOTA GRAIN COMPANY and Others.[1]

March 10, 1905.

Nos. 14,150—(157).

**False Representations.**

Action to recover the consideration paid by the plaintiff to the defendant on a contract which it was induced to make by reason of the alleged false representations of the defendant.

**Remedies of Person Deceived.**

A party who has been induced to enter into a contract by the false representations of another may affirm the contract and sue for the damages sustained, or sue in equity for a rescission of the contract by the court, or rescind by his own act and sue for what he parted with by reason of the fraud.

**Rescission.**

When he seeks to rescind by his own act, he must restore or offer to restore to the other party whatever of value he received from him by virtue of the contract. In such case it is sufficient for the defrauded party to make a fair offer to return what he received, and demand what he parted with; and, if his offer and demand be refused, a strict and technical tender is not essential, but it is sufficient if proof of such offer and demand be made on the trial, with restoration in such practicable way as the court may direct.

[1] Reported in 102 N. W. 728.

**Evidence.**

.Rule applied, and evidence *held* sufficient to sustain a finding of the jury to the effect that the alleged representations were made and relied upon; that the plaintiff offered to restore to the defendant what it had received by the contract, and to place the defendant in statu quo; and, further, that the plaintiff did not affirm the contract, but rescinded it.

**Expert Witness.**

The qualification of a witness to testify as an expert is a question largely within the discretion of the trial court. The discretion was not abused in this case.

**Charge to Jury.**

The instructions of the trial court to the jury, taken as a whole, were free from reversible error.

**Interest.**

Where a party receives the money of another by mistake, without fraud, interest does not run upon it until he is put in default by a demand; but, if he obtains the money by his own fraud, he is chargeable with interest from the time of obtaining it.

Action in the district court for Hennepin county against defendants, Minnesota Grain Company, Nils O. Werner and Carl A. Werner, to rescind on the ground of fraud certain contracts and agreements entered into between plaintiff and defendant grain company, and to recover from defendants the sum of $10,000 paid by plaintiff under such contracts. Thereafter, pursuant to an order of court, plaintiff elected to proceed with the case as an action at law for the recovery of $10,000 with interest from September 8, 1902. The case was tried before Elliott, J., and a jury, which rendered a verdict in favor of plaintiff against defendant grain company for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant Minnesota Grain Company appealed. Affirmed.

*John Lind & A. Ueland* and *Cohen, Atwater & Shaw,* for appellant.

This action, being for the recovery of the consideration paid by plaintiff, cannot be maintained, because plaintiff has not complied with the conditions precedent to such an action. Gould v. Cayuga, 86 N. Y. 75, 84; Vail v. Reynolds, 118 N. Y. 297; Gifford v. Carvill, 29 Cal. 589; Luddington v. Patton, 111 Wis. 208; Bostwick v. Mutual, 116

Wis. 392; 1 Beach, Eq. Jur. § 67; Knappen v. Freeman, 47 Minn. 491; Nelson v. Carlson, 54 Minn. 90.   In an action at law proceeding on a previous rescission, an actual profert of the money or things to be returned is essential as a condition precedent to the cause of action. Buchenau v. Horney, 12 Ill. 336; Holmes v. Holmes, 12 Barb, 137, 144; Pearsoll v. Chapin, 44 Pa. St. 9; Beetem v. Burkholder, 69 Pa. St. 249; Tisdale v. Buckmore, 33 Me. 461, 463; Wilbur v. Flood, 16 Mich. 40, 45; Byard v. Holms, 33 N. J. L. 119; Bostwick v. Mutual, supra.   Plaintiff failed to proffer before suit either a reassignment of the mortgages and other securities or a return of the other property and rights received from the defendant.   Hunt, Tend. § 234; Pinney v. Jorgenson, 27 Minn. 26; Deering Harvester Co. v. Hamilton, 80 Minn. 162.   The notice does not offer a reconveyance, but simply a "return" of the specified securities and other documents.   This is not a rescission.   Ahrens v. Adler, 33 Cal. 608; Jeffers v. Forbes, 28 Kan. 174.   Defendant's answer denying the tender and the offer alleged in the complaint did not waive the performance by plaintiff of the conditions precedent to the action.   Plano Mnfg. Co. v. Northern Pac. Ele. Co., 51 Minn. 167; Jumiska v. Andrews, 87 Minn. 515; Luddington v. Patton, supra; Peoples v. Crosby, 57 Neb. 282; Parr v. Johnson, 37 Minn. 457; Dunn v. Hunt, 63 Minn. 484; La Plant v. Firemen's Ins. Co., 68 Minn. 82.

Plaintiff did not offer to put the defendant in statu quo and was in fact unable to do so except in a court of equity.   That it was not entitled to interest is clear.   Interest by way of damages is allowed only on account of some default.   Schrepfer v. Rockford Ins. Co., 77 Minn. 291.

Plaintiff affirmed the contract by its conduct.   Parsons v. McKinley, 56 Minn. 464; Grymes v. Sanders, 93 U. S. 55.

The alleged representations gave the plaintiff no right to rescind. To make a contract voidable, the misrepresentation must, of course, be acted upon by the party to whom it is made.   2 Pomeroy, Eq. Jur. § 893. There is nothing in the record to support a claim that Carl A. Werner had any authority, real or apparent, as respects the disposition of the account and securities in question.   Browning v. Hinkle, 48 Minn. 544; Whitney v. Wagener, 84 Minn. 211.

There was error in permitting the jury to find for the plaintiff on Hogan's misrepresentations, because in fact there was no conspiracy

and no authority on his part to make any representations. Nicolay v. Mallery, 62 Minn. 119.

There was error in permitting the jury to find for plaintiff on account of the alleged representations made by Carl Werner, because there was no conspiracy and no authority on his part, and because if this were not so, the charge is in the disjunctive at several points, permitting the jury to find a verdict for the plaintiff if they believed that Carl Werner had made even a trivial and nonactionable statement. Browning v. Hinkle, supra; Whitney v. Wagener, supra; Cook, Stockh. § 726.

There was error in permitting a verdict for interest from September 8, 1902, because no cause of action had then accrued, and defendant was not in default. Schrepfer v. Rockford Ins. Co., supra.

*W. S. Dwinnell* and *V. J. Welch,* for respondent.

START, C. J.

Action to recover the sum of $10,000 paid by the plaintiff to the defendant for an assignment of an account for that amount due by a third party to the defendant. The complaint alleged in effect that September 8, 1902, the plaintiff was induced by the false representations of the defendant, upon which it relied, to purchase an account, with the securities collateral thereto, which the defendant had against Annie G. Hogan, and to pay the defendant therefor the sum of $10,000, and to take assignments and transfers of the account and the collateral securities from the defendant; that the representations which related to the solvency of the debtor and the value of the securities were untrue, to the knowledge of the defendant; and, further, that the plaintiff had no knowledge of the falsity of such representations until shortly before the commencement of this action, when it duly offered and tendered to the defendant the return of the account and securities, and demanded the repayment of the consideration given therefor. The complaint demanded judgment that, upon the delivery to the defendant of the account and securities, the contract between the parties be rescinded, and that the plaintiff recover the sum paid to the defendant, with interest.

The answer denied all of the allegations of fraud in the complaint, and those relating to the offer to return the account and securities, and alleged, in effect, that the plaintiff purchased the account and securities

on its own investigations as to the solvency of the debtor and the value of the securities; that it affirmed the contract of sale before the commencement of this action. The answer alleged other facts not here necessary to be specifically referred to. The reply confessed and avoided or denied the allegations of new matter alleged in the answer.

The cause was placed by the plaintiff on the jury calendar of the district court for trial at the January, 1904, term of the court. The plaintiff, on motion of the defendant, was required to elect whether it would proceed with the case as an action at law, or one in equity for rescission. The plaintiff thereupon elected to treat the cause as an action at law for the recovery of the consideration paid, and by consent of both parties the prayer of the complaint for judgment was amended accordingly. The jury returned a verdict in favor of the plaintiff for $10,000, and interest from September 8, 1902. The defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

1. The defendant's claims, as to the facts, are, briefly stated, that there was no evidence to sustain a finding by the jury that the plaintiff rescinded the contract before the commencement of the action, in that there was no proffer of a reassignment of the account and collateral securities, or offer or ability to put the defendant in statu quo; that the plaintiff did not rely upon the alleged false representations, but acted upon its own investigation; and, further, that it affirmed the contract by its conduct.

A party who has been induced to enter into a contract by the false and fraudulent representations of another has, as a general rule, three remedies: He may affirm the contract by keeping what he received under it, and bring an action for the damages he has sustained by reason of the fraud; or he may sue in equity for a rescission of the contract by the court, and recover what he parted with, upon such conditions as the court may deem to be equitable; or he may rescind by his own act, and sue at law for what he parted with by reason of the fraud. When he sues in equity to rescind, it is not necessary that he should have previously attempted a rescission, or made any offer to return what he received, for what he ought to do and must do, as a condition of the rescission, is a question which the court will determine. When, however, he seeks to rescind by his own act, he must give to the other party

notice of his rescission, and restore or offer to restore to him whatever of value he received from him by reason of the contract. Thus far there is no controversy as to the law, for the general rules we have stated are elementary. Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533; Nelson v. Carlson, 54 Minn. 90, 55 N. W. 821; Mlnazek v. Libera, 83 Minn. 288, 86 N. W. 100; 9 Cyc. 432.

The difficulty, however, lies in the application of the rule that, where a party seeks to rescind by his own act, he must offer to return what he received under the contract. Must he in such a case, under all circumstances, make a strict and rigid tender of the things received? Some of the earlier cases answered the question in the affirmative, and enforced the rule with much strictness, which resulted in many cases in shielding the party guilty of the fraud. The trend of later cases is in favor of a more reasonable and equitable application of the rule. The party guilty of the fraud is not entitled to anything more than substantial justice, and a fair opportunity to receive what he parted with. Nor is he in a position to defeat the ends of justice by insisting upon a strict, but useless, tender, as a condition precedent to the exercise by the defrauded party of his right to rescind. We hold, upon principle and authority, that it is only necessary for the defrauded party in such cases to make a fair offer to return what he received under the contract, and demand what he parted with; and, if his offer and demand be refused, it is sufficient if he makes proof thereof at the trial, and restoration in such practicable way as the court may direct. Potter v. Taggart, 54 Wis. 395, 11 N. W. 678; Bell v. Anderson, 74 Wis. 638, 43 N. W. 666; Bostwick v. Mutual, 116 Wis. 392, 89 N. W. 538, 92 N. W. 246; Sisson v. Hill, 18 R. I. 212, 26 Atl. 196.

The evidence shows in this case that approximately one year after the making of the contract, and on September 5, 1903, the plaintiff sent a letter signed by it to the defendant, which was in these words:

> September 5, 1903. The undersigned I. L. Corse & Company, does hereby tender to you, and to each of you, a return to the Minnesota Grain Company of each, all and singular, the securities, evidences of indebtedness, accounts, claims and demands whatsoever, assigned by said Minnesota Grain Company to the undersigned, in consideration of the sum of $10,000 paid by

the undersigned to said Minnesota Grain Company on or about September 8, 1902, on the said Minnesota Grain Company against Annie G. Hogan, assigned by the said Minnesota Grain Company to the undersigned, and hereby demands from you, and each of you, the repayment to the undersigned of said sum of $10,000 together with interest thereon from and since September 8, 1902.

The evidence tends to show that this letter was sent shortly after the plaintiff discovered the alleged fraud, and that the defendant received it the next day, but made no reply thereto, or in any manner indicated its acquiescence in the proposed rescission of the contract, or its willingness to receive back what it gave to the plaintiff under the contract, and, further, that it would have been an idle ceremony for the plaintiff to have followed the offer contained in its letter with any other or further tender.

The action was commenced October 5, 1903. On the trial of the action the plaintiff made a tender, as it claims, of the account against Hogan, and all collateral securities, with proper assignments thereof, which the defendant refused to accept, and they were deposited for it with the court. It is urged on behalf of the defendant that there was no offer to reassign the securities and place the defendant in statu quo. A tender to the defendant of the return of all of the accounts and securities necessarily included an offer to do everything necessary to revest them in the defendant, if the offer was accepted. The demand of interest did not vitiate the offer. We are of the opinion that the evidence is sufficient, within the rule we have stated, to sustain a finding by the jury to the effect that the plaintiff did, before the commencement of the action, offer to restore what it received under the contract, and to place it in statu quo, and that it demanded the amount paid by it by virtue thereof.

The evidence upon the other issues is voluminous and conflicting as to some of them—especially on the question whether the alleged false representations were made and relied upon by the plaintiff. We have, however, aided by the clear and full briefs of counsel, carefully considered the evidence with reference to the claims of the respective parties, and have reached the conclusion that the evidence is sufficient

to support a finding of the jury to the effect that the alleged false representations were made by the defendant, and relied and acted upon by the plaintiff; that it did not affirm the contract, but rescinded it within a reasonable time after discovering the alleged fraud.

2. The rulings of the trial court on the admission of evidence in two instances are urged as error. The plaintiff called Carl A. Werner, who was at the time he was called an adverse party defendant, for cross-examination under the statute, G. S. 1894, § 5659; and, over the objection of the defendant grain company, he was so examined. The witness at the time of the transactions alleged in the pleadings was the treasurer and secretary of the defendant. The witness was not, however, an officer of the defendant, but only a stockholder, at the time he was called. The defendant grain company objected to the cross-examination of the witness because the complaint did not state a cause of action against him, hence he was only a nominal party, and, further, that no foundation had been laid for calling him as an officer or agent of the corporation defendant. Without passing upon the last objection, we hold that the witness was properly called for cross-examination as an adverse party of record. The defendants, including the witness, jointly answered, and put in issue the allegations of the complaint. The pleadings brought the witness directly within the statute, and the objection that the complaint did not state a cause of action as to the witness could not be then urged to defeat the plaintiff's right to call him. The fact that a verdict was, with the consent of the plaintiff, directed for all of the defendants except the grain company, does not affect this conclusion.

The other ruling of which the defendant complains relates to the competency of a witness to testify to the value of the securities in question, the trial court holding him to be competent. The qualification of a witness to testify as an expert is a question largely within the discretion of the trial court, whose decision will not be reversed unless it is manifestly against the weight of the evidence. The discretion was not abused in this case. Yorks v. Mooberg, 84 Minn. 502, 87 N. W. 1115.

3. The defendant urges a number of assignments of error as to the instructions of the trial court to the jury. The court, at the request of the plaintiff, instructed the jury to the effect that the question whether

the alleged false representations were made was the vital and substantial issue in the case; that if the jury found that the president of the company, Nils O. Werner, its secretary, Carl A. Werner, and Hogan, the agent of the defendants' debtor, entered into a conspiracy or fraudulent agreement, by the terms of which they were to make the alleged false representations for the purpose of inducing the plaintiff to take over the Hogan account, and, further, that they, or any one of them, pursuant to such agreement, did make such false representations, or one or more of them, to the plaintiff, knowing them to be false, and thereby induced him to take over the account, the verdict must be for the plaintiff. Several different requests stating in different language substantially this instruction were given in succession to the jury. It is claimed that the instructions were erroneous and prejudicial because there was no evidence which would justify the jury in finding the existence of any conspiracy or fraudulent agreement whereby the plaintiff was to be induced to take over the account. The evidence tending to show a conspiracy was radically conflicting, the defendant's president and secretary each denying that any false representations were made, or that there was any understanding or agreement that any should be made. There was, however, evidence, direct and circumstantial, tending to establish the alleged conspiracy, which was sufficient to justify the giving of the instructions.

The further objection is made to the instructions that they exclude from the consideration of the jury the matter of the rescission and affirmance of the contract. The evidence made this matter a question of fact for the jury, and, standing alone, the instructions were for this reason erroneous. The court, however, immediately after giving the requests, clearly and correctly instructed the jury as to the other issues in the case. The jury were told, in effect, that, if they found that the representations were not made, it would dispose of the case, and their verdict would be for the defendant, but, if they were made, then the jury should proceed to determine certain other matters. This was followed by full and fair instructions as to whether the contract was rescinded or affirmed by the defendant. The court concluded its charge with a correct summary of all the essential elements of the case, in which the representations and the rescission or affirmance of the contract were grouped in a manner that makes it clear that the jury

could not have been misled by the giving of the incomplete requests of the plaintiff. The charge of the court, considered as a whole, was free from reversible error.

4. The last claim of the defendant meriting consideration relates to the matter of interest. There was included in the verdict by direction of the court, in case the jury found for the plaintiff, interest from September 8, 1902, the date the money was received by the defendant. The contention of the defendant is that in no event was the plaintiff entitled to interest before the demand, September 5, 1903. This is not an action to recover damages, but to recover money which the defendant, by reason of the alleged fraud, has, as the jury found, no right to. The rule as to the interest in such cases is well settled. It is this: Where a party receives the money of another by mistake, merely, without fraud, interest does not run upon it until he is put in default by demand; but, where the party obtains the money by his own fraud, he is chargeable with interest from the time of obtaining it. Sibley v. County of Pine, 31 Minn. 201, 17 N. W. 337; Atlantic v. Harris, 118 Mass. 147; Manufacturers v. Perry, 144 Mass. 313, 11 N. E. 81. Interest from the time the defendant received the money was rightly included in the verdict.

Order affirmed.