WILLIAM H. NEIBUHR v. W. F. GAGE.[1]

August 3, 1906.

Nos. 14,626, 14,627—(13, 14.)

**Duress—Deceit.**

Duress and deceit are simply different methods by which fraud is consummated. The same remedies are available to the injured party.

**Same—Relief.**

One who by duress is compelled to sign a contract whereby he parts with his property may proceed in equity for a rescission by the court, rescind by his own act, and sue at law, or allow the contract to stand and sue at law for damages.

**Action for Damages.**

The equitable doctrine of laches has no application when the action is brought at law for damages.

**Same.**

The action at law for damages may be brought at any time within the period fixed by the statute of limitations.

**Verdict—Evidence.**

In an action at law for damages occasioned by duress, the evidence *held* to sustain the verdict

Separate appeals by plaintiff and defendant from an order of the district court for Freeborn county, Kingsley, J., denying a motion for judgment in favor of defendant notwithstanding the verdict and granting a motion for a new trial, after a trial and verdict in favor of plaintiff for $8,478. Order granting new trial reversed, and judgment ordered for plaintiff on the verdict.

*Morgan & Meighen* and *Lovely & Dunn*, for plaintiff.

*L. L. Brown, H. C. Carlson* and *John G. Skinner*, for defendant.

ELLIOTT, J.

This action was brought to recover damages which the plaintiff claims he suffered by reason of being required while under duress to transfer to the defendant certain shares of stock in a corporation. In the court below he recovered a verdict for $8,478. The trial court

[1] Reported in 108 N. W. 884; 109 N. W. 1.

denied the defendant's motion for judgment notwithstanding the verdict, but granted a new trial. Both parties appealed. It was not stated in the order that the new trial was granted because the evidence does not sustain the verdict. From the memorandum, however, it appears that the court was of the opinion that it erred at the trial in holding that the contract, if obtained by duress, was void, instead of voidable. Apparently the new trial was granted for this reason alone. We will first consider the question raised by the defendant's appeal, and throughout the opinion it will be more convenient to refer to the parties as plaintiff and defendant than as appellant and respondent.

1. The defendant contends (1) that the evidence does not justify the finding of the jury that the transfer of the stock in question was obtained by duress. But, assuming that it does so show, then that (a) the contract whereby the stock was transferred was voidable only and capable of ratification and that by acquiescence, laches, and affirmative acts of the plaintiff it has been ratified; (b) that if the contract resulted from duress it was voidable, and the sole remedy of the injured party was either to rescind and to restore the benefits, and then bring his action for what he had parted with, or bring his action in equity for a rescission and for such relief as he was entitled to upon rescission.

The plaintiff's theory is that his property was taken from him by that kind of fraud known as "duress," that he knew nothing of any contract with Gage, Hayden & Co.; that if he signed such a contract his signature was obtained without his consent and as a part of the defendant's unlawful act; that he ignored the so-called contract, claimed no rights under it, does not ask to have it rescinded, seeks no equitable relief, but brings an action of law to recover damages resulting from the tortious act of the defendant, Gage. Upon this theory he stands in the same position as one who by force has been deprived of property, and instead of seeking to recover the specific property allows the wrongdoer to retain it, and brings his action for damages.

The record is somewhat voluminous and the arguments have taken a very wide range. We are convinced, however, that the case lies within very restricted limits. The arguments of counsel rest upon

radically different views of the nature of the action. Plaintiff contends that it is at law to recover damages and the defendant that it is, regardless of form, governed by the equitable doctrine of ratification, laches, and rescission.

The nature of the action must be determined from an examination of the proceedings, the issues and the relief demanded or claimed to arise out of the facts. It will be noted that the action is brought against Gage individually, and that Gage, Hayden & Co. is not a party. It will be necessary to set forth the substance of the pleadings at some length.

The complaint alleges that on February 23, 1898, the plaintiff was the owner and holder of ninety one shares of the stock of Gage, Hayden & Co., a corporation, of the aggregate face value of $9,100, and then of the actual value of $12,000; that on that date the defendant Gage wrongfully and unlawfully held and restrained the plaintiff against his will and in restraint of his liberty, and then and there, knowing the same to be untrue, wrongfully and unlawfully and falsely charged the plaintiff with having unlawfully and feloniously appropriated certain moneys, funds, and properties of said Gage, Hayden & Co., and then and there falsely stated to the plaintiff that the defendant had in his possession sufficient evidence to prove such charge and accusation, and sufficient to insure the conviction of said plaintiff of a felony, to wit, the crime of grand larceny, and while plaintiff was so held in fear of said accusation and false charge, and in restraint of his liberty, defendant threatened to have plaintiff arrested and imprisoned for said crime of grand larceny unless said plaintiff would then and there pay or secure to said defendant the full sum of $9,100; that the plaintiff was by the said defendant there held in fear and peril of his liberty, and threatened with immediate imprisonment, and denied the right and opportunity to consult friends or counsel, or to employ an attorney, until he was forced and compelled to, and did, comply with the unlawful and extortionate demands, claims, and exactions of the defendant; that while the plaintiff was so held in restraint of his liberty, and threatened with immediate arrest and imprisonment upon said false and groundless charge and accusation, and while plaintiff was put in mortal fear of immediate arrest and imprisonment, and thereby deprived of the free and independent use

of his faculties, and while he was led to believe that the defendant was able to, and would, produce false testimony against him, in order to establish and justify such false accusation and charge, and further believing and being led by the defendant to believe that the defendant then and there had the means at his command to wrongfully and unlawfully proceed against plaintiff and produce false testimony against him, and that the defendant would immediately cause the arrest and imprisonment of the plaintiff for said alleged felony; and the plaintiff being therefor put in great fear and peril of his liberty, and being alone and helpless, and being deprived of his liberty by said defendant, the plaintiff was then and there unlawfully forced and compelled to, and did, comply with the said unjust and unlawful demands of the defendant, and then and there transferred and conveyed to the defendant by reason of the facts herein set forth, and not otherwise, and without any consideration, the said ninety one shares of the capital stock of said corporation.

It is further alleged that the statement and claim of the defendant were false and untrue, and were made by the defendant for the purpose of unlawfully depriving the plaintiff of his property; that the plaintiff had not at any time unlawfully appropriated or taken any property of the defendant or of the corporation; that the plaintiff was not indebted to the defendant or corporation in any sum whatever; that by reason of said demand and charges plaintiff was deprived of his usual strength of will, and was rendered incapable of acting intelligently or of protecting himself; that by reason of the wrongful acts of the defendant the plaintiff was deprived of his property; that no part thereof has ever been restored to him; that defendant has never paid any consideration therefor; and that by reason of the premises plaintiff has suffered damages in the sum of $13,650, for which amount he demands judgment.

The amended answer admits the transfer of the stock and alleges that, while plaintiff was the apparent owner thereof, Gage, Hayden & Co. was the actual owner of all except eighteen shares, for the reason that it had been purchased with money embezzled from the corporation. It is admitted that on February 23, 1898, Gage, Hayden & Co. demanded of the plaintiff that said stock be delivered to it, and alleged that on said date the plaintiff and Gage, Hayden & Co. entered into

a written contract, by the terms of which certain debts due Gage, Hayden & Co. from plaintiff and certain demands arising out of the alleged embezzlement of money from Gage, Hayden & Co. were to be paid to the said Gage, Hayden & Co. by the transfer of the said shares of stock to the defendant Gage, in trust for the use of the said corporation. This contract, it is alleged, has never been disavowed by the plaintiff and is still in force. It is specifically denied that the plaintiff was by the defendant, or by any one, restrained of his liberty or threatened with arrest or imprisonment, as alleged in the complaint or otherwise, and alleged that in all the said transactions the plaintiff acted freely and voluntarily in the full possession of his faculties, and without duress, intimidation, or restraint.

The amended reply admits that at the time of the wrongful acts and practices of the defendant the plaintiff actually signed divers written instruments and papers prepared and presented to him by the defendant Gage, which he believed were resignations of the plaintiff as officer and director of Gage, Hayden & Co. and pretended settlements, adjustments, and releases, of respective claims and demands between the parties; that the exact nature, contents, and character of said written instruments were unknown to him for the reason that the same were kept and retained by the defendant Gage, and ever since have been held by such defendant. It is further alleged that the signing of the said papers was part of the wrongful and unlawful acts and practices of the defendant Gage as alleged in the complaint, and that the same were procured from the plaintiff by means of duress, and as a part and in furtherance of the wrongful and unlawful conduct and acts of the defendant to deprive the plaintiff of his property.

In form this is an action at law to recover damages for an injury caused by the wrongful act of the defendant Gage. It was so regarded by the trial court, and the plaintiff's evidence was offered and received upon this theory. The pleadings do not raise the question of ratification or laches. The defendant stands squarely upon the proposition that there was no duress and that the plaintiff admitted that he was an embezzler, and for the purpose of paying an acknowledged debt to Gage, Hayden & Co. freely and voluntarily transferred the stock to Gage. In the defendant's brief cases of duress and ordinary fraud resting in deceit are freely mingled, and equitable doc-

trines which are applied in cases of deceit are invoked to defeat the plaintiff's action. In practically all the cases cited by him the plaintiff demanded equitable relief.

The remedies which are available to one who has been induced to part with his property or execute a contract by ordinary fraud are well understood. He may keep what he has received under the contract and bring an action to recover the damages which he has sustained by reason of the fraud, or he may rescind the contract by his own act, and sue at law for what he parted with by reason of the fraud, or he may sue in equity for a rescission of the contract by the court and recover what he parted with upon such conditions as the court may deem equitable. L. L. Corse & Co. v. Minn. Grain Co., 94 Minn. 331, 102 N. W. 728. "It may also be stated as a general principle of law," said Mr. Justice Brown in Mlnazek v. Libera, 83 Minn. 288, 86 N. W. 100, "that a party who has been induced by fraud to enter into a contract has the election of two remedies: (1) He may, upon discovering the fraud, rescind and repudiate the contract and demand to be placed in statu quo; or (2) he may affirm the contract and sue for damages caused and suffered by the fraud." See Thompson v. Libby, 36 Minn. 287, 289, 31 N. W. 52. If he seeks equitable relief, he must proceed promptly and comply with all the conditions which equity imposes. If he elects to rescind by his own act and sue at law for what he parted with by reason of the fraud, he must do all that he reasonably can to place the defendant in statu quo. See Sisson v. Hill, 18 R. I. 212, 26 Atl. 196, 21 L. R. A. 206, note. But if he elects to permit the contract to stand and brings an action at law to recover damages the equitable doctrines do not apply. As no rescission is made or demanded it is not necessary to tender back what he received under the contract. The contract is allowed to stand. The other party is permitted to retain all he received under the contract. The contract in this case was executed when the plaintiff was under duress. Nothing remained to be done by him after the improper influence was withdrawn. If the contract had been executory, and the plaintiff, after becoming a free agent, had paid money or carried out its terms, a very different case would have been presented. It might then very properly have been said that he had made the contract anew of his free will and act, and could thereafter neither rescind nor

maintain an action for damages. But the plaintiff did no affirmative act in relation to the transaction until he commenced the action for damages.

The plaintiff abandoned his stock to the defendant. He asks no equitable relief. He ratifies and affirms the contract, but not the fraud by which it was obtained. The equitable doctrine of laches has no application in an action at law to recover damages. "Laches or delay which might preclude the defrauded party from rescinding the contract induced by fraud does not affect his right of action for damages, but he may bring his action of deceit at any time within the period fixed by the statute of limitations." 20 Cyc. 94, and cases there cited. In O'Mulcahey v. Gragg, 45 Minn. 112, 47 N. W. 543, it is said: "Where one is seeking a legal remedy upon a legal right as in an ordinary action at law, we have held that the remedy will be barred only by the statute of limitations." Morris v. McClary, 43 Minn. 346, 347, 46 N. W. 238; McQueen v. Burhans, 77 Minn. 382, 383, 80 N. W. 201.

In an action for damages where no rescission is sought a return of the consideration received under the contract is unnecessary. Mlnazek v. Libera, supra; Haven v. Neal, 43 Minn. 315, 45 N. W. 612. "A return or an offer to return what plaintiff has received under the contract induced by the fraud is not a condition precedent to his maintaining an action of deceit since he is entitled to the benefit of his contract, plus the damages caused by the fraud." 20 Cyc. 91. In an action of this character the plaintiff may totally disregard the contract referred to in the defendant's answer. "Where the contract induced by the fraud contains provisions covering the subject-matter of the false representations the defrauded party has an election to sue on the contract or to sue for the tort; the fact that he has a remedy on the contract being no impediment to his maintaining an action of deceit as the tort is not merged in the contract." 20 Cyc. 89, citing Hedin v. Minneapolis Med. & S. Inst., 62 Minn. 146, 64 N. W. 158, 35 L. R. A. 417, 54 Am. St. 628. In that case the court said: "It is also urged that the action cannot be maintained because of the written contract between the parties. There is nothing in this; for the action is not upon the contract nor is it controlled by its terms and conditions. It is an action for fraud and deceit practiced upon the plaintiff through and by means of which the contract was obtained."

. If the right to bring this action at law for damages is conceded, and the evidence was sufficient to justify the jury in finding that the transfer of the stock was procured by duress, the verdict was correct and should have been permitted to stand. But is a party who has been injured by duress entitled to the same remedies as one who has been injured by deception? We are unable to see why there should be any distinction made between these two classes of cases. Fraud is ordinarily accomplished by deceit, but it is also accomplished by many other practices. As commonly understood, fraud is a wrong accomplished by deception but, as noted by Judge Cooley, duress is a species of fraud in which compulsion in some form takes the place of deception in accomplishing the injury. Cooley, Torts, 966. In City v. Kusworm, 91 Wis. 167, 64 N. W. 843, Chief Justice Cassody, said: "The only difference between fraud, undue influence, and duress is as to the method employed in overcoming the volition of the victim. In case of fraud the volition of the victim is usually overcome by deceit, false representations, or false pretenses. In case of undue influence the volition of the victim is usually overcome by importunities, flatteries, insinuations, and artifice, and yet all the authorities class undue influence as a subtle species of fraud."

Actions for damages arising out of contracts procured by deceit alone, are of common occurrence. We find no principle declared in these cases which limits the remedy by reason of some inherent quality found in the definition of the word "deceit." The practice in either case is equally bad, and there is no reason why the remedy should not be as comprehensive and complete in one as in the other. The wrongdoer accomplishes the same wrong in each case, and does it with the same bad intent. The cases are at least analogous and on principle the remedies should be the same. It is not necessary that the law should show any special and extraordinary consideration for the wrongdoer. All he is entitled to is a fair opportunity to make good the damages resulting from his wrong without unnecessary injury to himself. It is not for him to determine the choice of remedies for the injured party. If the remedy of an action at law for damages is available to a person who has been injured by deceit, it should not lie in the mouth of the wrongdoer to say that the remedy is more restricted when the wrong is the result of the more gross and brutal

acts which are known as "duress." If A. deceives B. by false representations and thereby secures from him a contract to his injury, B. may affirm the contract and recover his damages at law. But it is contended that if A. wrongfully and unlawfully imprisons B., and by wrongful and unlawful threats of prosecution induces him to sign the same paper, B. is bound by the contract until it is rescinded; that is, the wrongdoer may say to an innocent party: "You have no choice of actions. Your only remedy is rescission. I will not pay the damages which you have suffered from my unlawful act, but demand that I be placed in my original position. You have done nothing wrong, it is true, while I have been guilty; but I must not be allowed to suffer. You are restricted to that form of remedy which will occasion me the least inconvenience and risk and will impose the greatest burdens upon you. I cry for equity."

A party who has been injured by duress is entitled to the same remedies which are available in cases of deceit. In some cases there is no doubt but that exact justice between the parties can more generally be effected in equitable proceedings than in actions at law for damages. It is just and reasonable that one who seeks to repudiate a contract should do everything that is reasonably within his power to reinstate the parties in their original conditions.

But in the case at bar a rescission of the so-called contract would be a mere formality. If the plaintiff's story is true the verdict does no injustice to any one. If the plaintiff had stolen nothing from Gage, Hayden & Co., and was not indebted to it, the defendant Gage wrongfully took from him property of the value of $9,100, for which neither he nor Gage, Hayden & Co. gave any consideration. It is true that the defendant paid $3,100 for the plaintiff, but he paid it out of the plaintiff's property. The defendant therefore received from the plaintiff without consideration the sum of $6,000, and still retains it. The verdict of the jury was for this exact amount with interest from the date of the transfer of the property. The result was correct whatever may have been the theory of the measure of damages. The plaintiff received nothing from the defendant which he could or should be required to tender back.

We do not find it necessary to review the evidence in detail. The entire record has been carefully read, and we are satisfied that there

is evidence to sustain the verdict. The matter of delay in bringing the action was material only so far as it threw light upon the issue of duress. The plaintiff's silence and inaction did not bar his right to commence an action for damages at any time within the period fixed by the statute of limitations. As the evidence was conflicting, the trial court properly denied the defendant's motion for judgment notwithstanding the verdict, and upon the defendant's appeal the order is affirmed. But the order granting a new trial must be reversed. The new trial was not granted because the court was not satisfied that there was evidence to sustain the verdict. In this action it was not material whether the contract was void or voidable, and the ruling at the trial that the contract was void was therefore without prejudice. We find no other errors of law in the record of which the defendant is in a position to avail himself.

The order granting a new trial is reversed, with directions to the trial court to enter a judgment in favor of the plaintiff upon the verdict.

On October 12, 1906, the following opinion was filed:

PER CURIAM.

A rehearing having been ordered in this case, the questions involved were fully argued and have been given careful consideration by the court. We are satisfied that the decision heretofore filed was correct, and it is therefore adhered to.