## JOHN A. NEWSTROM v. SWAN J. TURNBLAD.[1]

May 14, 1909.

Nos. 16,134—(51).

**Action in Deceit — Complaint.**

> The complaint states facts sufficient to constitute a cause of action in deceit, and it does not appear from the complaint that the cause of action was barred by the statute of limitations.

Action in the district court for Hennepin county to recover $12,500 damages caused by defendant's fraudulent representations. From an order, Dickinson, J., overruling defendant's demurrer to the complaint, he appealed. Affirmed.

*Lars M. Rand* and *Norton M. Cross,* for appellant.

*H. E. Fryberger,* for respondent.

LEWIS, J.

The trial court overruled appellant's demurrer to the complaint upon the grounds (1) that the facts therein stated do not constitute a cause of action, and (2) that it appears from the complaint that the alleged cause of action set forth in the complaint is barred by the statute of limitations.

The complaint sets forth, in substance, the following facts: That during 1886 the Swedish-American Publishing Company, a corporation, issued to respondent two shares of its capital stock, for which he paid ten dollars each, being the par value thereof; that such cor-

[1]Reported in 121 N. W. 236.

poration was engaged in publishing a newspaper called the "Svenska Amerikanska Posten;" that from the time of the purchase of the stock until 1901 appellant was the managing director of the company; that some time during 1901, the exact date being unknown to respondent, appellant fraudulently represented to respondent that the stock which he had purchased was worthless, and that the company was in debt; that respondent was ignorant of the true condition of affairs, had no knowledge that the corporation had at that time disposed of the newspaper, and, having no knowledge of the true facts, relied upon the representations of appellant that the same was of no value, and transferred it to appellant at the price for which he bought the same; that such shares of stock were worth at that time at least the sum of $7,500; that by reason of the fact that respondent had parted with his stock he was damaged in the sum of $12,500.

In addition to the foregoing, it is alleged that on or about June 15, 1908, and, immediately after discovering the facts constituting the fraud, respondent offered to restore the consideration to appellant, rescinded the sale, and duly demanded that appellant return the stock certificate, which he refused to do; that appellant has converted the shares of stock to his own use; and that it will be useless to make any further demand for their return.

Making due allowance for surplusage and unnecessary details, the complaint fairly states a cause of action in deceit, as defined in I. L. Corse & Co. v. Minnesota Grain Co., 94 Minn. 331, 102 N. W. 728. It appears from the complaint that respondent commenced the action within a reasonable time after discovering the fraud, and it does not appear that he was guilty of laches, or ratified the sale, and the facts do not justify the conclusion that the statute of limitations had run at the time of the commencement of the action.

Affirmed.