# L. F. SNYDER v. S. P. SAMUELSON AND ANOTHER.[1]

## April 12, 1918.

## No. 20,784.

**Broker.**

1. Plaintiff, as broker, had made a sale of land to defendants on a small payment down, the balance on time. Plaintiff was entitled to a commission on the completion of the second payment. Defendants were unable to make the second payment. By mutual agreement plaintiff then made a resale of the land at a profit. Defendants claim that no further charge or commission was to be exacted. After the contract of resale was made, plaintiff procured an agreement from defendants to pay him half the profits.

**Same — charge to jury.**

2. The court correctly stated to the jury the law as to want of consideration and as to duress.

**Same — want of consideration.**

3. There is evidence in the case sufficient to sustain a finding of want of consideration.

**Same — duress question for jury.**

4. There was also evidence proper for submission to the jury on the question of duress.

Action in the district court for Mower county to recover $875 commission for sale of certain property under contract. The facts are stated in the opinion. The case was tried before Kingsley, J., and a jury which returned a verdict for defendants. From an order denying his motion for a new trial, Catherwood, J., plaintiff appealed. Affirmed.

*Lafayette French, Jr.,* and *Henry A. Morgan,* for appellant.

*Arthur W. Wright,* for respondents.

[1] Reported in 167 N. W. 287.

HALLAM, J.

1. Plaintiff negotiated a sale to defendants of 234 acres of land in Mower county for $104 an acre. $500 was paid down and $4,336 was to be paid March 1, 1914. By the terms of his contract with the seller, plaintiff was to receive a commission of $702 when the March payment was made. When March came defendants could not pay. Several months ran on and still they could not pay, and were in danger of losing both the land and the initial payment. About July plaintiff suggested to defendants that they had better resell. It was agreed that plaintiff should endeavor to negotiate a resale. He did so, and on August 29 a contract of resale was made at $112 an acre. On August 31 defendants went to Austin to close the sale. On that day plaintiff procured from them a written contract to pay him $875 on March 1, 1915, "as commission and compensation for his services" in making the resale. This action is on this contract to recover said amount. Defendants answered that the contract was without consideration and was procured by fraud and misrepresentation and by duress. There was no proof of misrepresentation or deceit. The jury found for defendants.

2. The trial judge properly instructed the jury as to the effect upon a contract of want of consideration. We think he also made it clear that the only other issue for them to consider was the issue of duress. He so stated explicitly at the commencement of the charge, and he correctly stated the law as to duress. While he did tell the jury that defendants were required to produce evidence that the contract is "tainted with fraud or is * * * without consideration" and that the evidence must satisfy them that the contract was "without consideration or that it was obtained by fraud," yet we think this could not have misled the jury. Duress is a species of fraud, Neibuhr v. Gage, 99 Minn. 149, 156, 108 N. W. 884, 109 N. W. 1, differing from deceit in that it overcomes volition by less artistic method. We think the jury understood that duress was the only character of fraud submitted to them.

3. There is evidence sufficient to sustain a finding of want of consideration. The evidence is in conflict, but defendants testified that plaintiff agreed that he would not charge them for negotiating a resale, that he was urging a resale as a means of collecting his old commission of $702, and he did in fact receive a commission of $234.50 from the

purchaser on resale. If these were the facts, it is conceded the agreement sued on was without consideration and unenforceable. .

4. Whether there was sufficient evidence to warrant the court in submitting the issue of duress to the jury is more doubtful. Of course, if the agreement was without consideration, the question of duress was not important. It is not altogether clear that the court intended to permit the jury to find duress except in the event of "the agreement itself being without consideration." As a practical proposition there would seem to be small doubt that the jury found the defense of want of consideration true. It is hard to think that a jury would find defendants' story as to want of consideration untrue and at the same time find their story as to duress true. Such a result might, however, be possible.

If the agreement was to pay what defendants unquestionably owed, duress would not be a very substantial defense, but, if the agreement was to pay a claim which was in good faith disputed by defendants, the presence or absence of duress would be a material factor in arriving at the validity of the agreement to pay. The court did not go into these distinctions in his charge, but he was not asked to do so and no exception is taken to his failure to charge more fully. The charge was correct as far as it went. He charged generally the law as to duress, and we think there was some evidence to sustain a finding of duress.

There is evidence, that plaintiff came to defendants on the evening of the twenty-ninth after the contract of sale had been entered into and then threatened that, if defendants would not give him a "slice" of the profit, he would "break the contract" with the purchaser, threatened them that they would "lose everything," threatened a lawsuit that would "cost them more than this;" that, on the day the signatures of defendants to the agreement were procured, plaintiff took them into a back room of his office and kept them there for an hour; that the door was locked; that threats were made of a "big lawsuit" with further trouble and more expense; that plaintiff had with him his lawyer and defendants were denied the privilege of procuring a lawyer of their own; that, through "scaring" and "threatening" them, plaintiff finally procured their signature to this agreement.

Duress is "such pressure or constraint as compels a man to go against his will, and virtually takes away his free agency, and destroys the power

of refusing to comply with the unlawful demand of another." Neither physical force nor manifestation nor apprehension of physical force is necessary. Joannin v. Ogilvie, 49 Minn. 564, 52 N. W. 217, 16 L. R. A. 376, 32 Am. St. 581. The evidence is not strong, but we think all these circumstances taken together are sufficient to sustain a finding of duress.

Order affirmed.