Fred L. LONGBINE et al., Relators,

v.

J. E. JOHNSON et al., Respondents.

No. 7077.

Court of Civil Appeals of Texas.

Amarillo.

March 6, 1961.

Rehearing Denied July 3, 1961.

an award to the Longbines of $13,328 and to Beefboards, Inc. of $75 and in the former award expressly provided the award was based upon possession of the condemned premises by condemnors after August 15, 1960. Such provision was obviously for the purpose of enabling the Longbines to use the *irrigation well* until August 15, 1960, their need to do so having been called to the attention of the Special Commissioners at the time of their hearing.

Relators allege they were dissatisfied with the award, properly filed objections, caused citation to be issued, and the proceedings became a civil suit. They assert that on July 12, without a hearing, respondent issued their Writ of Possession of the premises, including the irrigation well; that to keep condemnors from taking the irrigation well, thus causing their crops to suffer, they agreed if they could continue to use the well for irrigation of their then growing crops they would not pursue their appeal; that on August 8, relators received a letter from Mr. Morris, attorney for condemnors, transmitting the judgment to be entered that was neither dated nor signed; that on September 19, relators' attorney advised Mr. Morris they did not consent to the entry of the judgment; that on September 29, Mr. Morris advised them that upon checking on the matter that day he learned the judgment had already been entered; that a few days later relators learned a judgment had been entered subsequent to the September 19 conversation with Mr. Morris and the judgment dated back to August 2; that the August term having expired, relators, on October 6 filed with respondent a motion to enter a judgment nunc pro tunc, seeking to have the records corrected to reflect the actual day the judgment was signed; that Judge Johnson refused to conduct a hearing on the motion; that the judgment actually entered was identical to the one forwarded to relators on August 6 except that it was dated; that relators do not know the date it was actually signed and neither the clerk nor Judge Johnson will tell them;

Monning & Monning, Amarillo, for relators.

Lumpkin, Watson, Dunlap & Smith, Deane C. Watson, Wayne Bagley, Amarillo, for respondents.

PER CURIAM.

This is an application for mandamus growing out of ·condemnation proceedings in Armstrong County. Relators are Fred L. Longbine, Rose Longbine and Beefboards, Inc. Respondent is J. E. Johnson, County Judge of Armstrong County. The strip of land condemned is 16.827 acres abutting U. S. Highway 287 in Armstrong County upon which the Longbines owned an irrigation well and from which they irrigated approximately 200 acres of land. The Special Commissioners appointed made

and that Beefboards, Inc. never at any time agreed to accept the award of the Special Commissioners.

Respondent by a sworn answer denies the material allegations of relators, says he merely entered an agreed judgment, [which is made an exhibit to the answer of the petition] and that no duress was used to cause relators to accept the Special Commissioners Award.

Even if the petition should be said to be true we believe we do not have the authority to issue the writ requested. In the case of Curtis & Co., Inc., Relator v. Wade, District Judge, Respondent, Tex.Civ.App., 325 S.W.2d 859, 860, Relator asked for a writ of mandamus. The San Antonio Court of Civil Appeals said, "We would not have jurisdiction to grant the petition [for mandamus] as we do not have supervisory jurisdiction over trial courts. All the jurisdiction we have to grant original writs of mandamus is found either in Art. 1823 or 1824, Vernon's Ann.Civ.St."

■ In the recent Supreme Court case of Crane et al., Relators v. Tunks, District Judge, et al., Respondents, Tex., 328 S.W. 2d 434, 438, in passing upon the authority of a Court of Civil Appeals to issue a writ of mandamus Justice Griffin of that court said:

"Its jurisdiction to grant a writ of mandamus is limited to the enforcement or protection of its jurisdiction, or to compel a district judge to proceed to trial and judgment. Article 1824, R.C.S.1925, Vernon's Ann.Civ.St. art. 1824; 8 S.W. Law Journal, pp. 389, 393."

The statutes cited by Justice Griffin also include county judges and obviously was not mentioned because that case involved a district judge.

The relief sought here would not protect or enforce our jurisdiction nor does it seek to have us compel the county judge to proceed to trial and judgment in a cause. If the sworn answer may be taken as any indication of respondent's purpose in dating the judgment as he did he was under the impression the Longbines voluntarily agreed with Armstrong County and the State of Texas to abandon their appeal. The fact that they signed an agreement to abandon it is at least some indication they had done so. At least respondent's answer shows a matter that involves judicial discretion on his part, which would leave us without authority to mandamus him. Panhandle & Santa Fe Railway Co. v. Denton, Tex.Civ.App., 280 S.W.2d 941; Anchor v. Martin, 116 Tex. 409, 292 S.W. 877 (Com. of App. opinion adopted); Womack v. Berry et al., 156 Tex. 44, 291 S.W.2d 677.

■ Our Supreme Court in Way et al. v. Coca Cola Bottling Co. et al., 119 Tex. 419, 29 S.W.2d 1067, 1071 quoted with approval from another authority holding:

"We recognize the rule that mandamus does not ordinarily issue when an adequate remedy by appeal exists."

■ There seems to be an adequate remedy here by Bill of Review, 25 T.J. Sec. 185 Judgments page 585; Stone v. Stone, Tex.Civ.App., 101 S.W.2d 638, provided relators can prove they were prevented by fraud, accident, or mistake from making their defense and through no fault of their own. Relators have alleged duress, which is a species of fraud. Snyder v. Samuelson, 140 Minn. 57, 167 N.W. 287; Neibuhr v. Gage, 99 Minn. 149, 108 N.W. 884, 887, 109 N.W. 1. Additionally, respondent has by both oral and written argument urged the use of a Bill of Review to review the trial court's action complained about, and has agreed to hear such proceeding.

Accordingly, the motion for mandamus is denied.