Richard L. NAUMAN, et al., Respondents (81–149), Appellants (81–150),

v.

J'S RESTAURANTS INTERNATIONAL, INC., et al., Appellants (81–149), Respondents (81–150),

Stanley Dobrin, et al., Defendants,

Ernest Gertzen, Respondent.
and
Sheldon M. RABIN, et al., Respondents (81–149), Appellants (81–150),

v.

J'S RESTAURANTS INTERNATIONAL, INC., et al., Appellants (81–149), Respondents (81–150),

Stanley Dobrin, et al., Defendants, Ernest Gertzen, Respondent.

Nos. 81–149, 81–150.

Supreme Court of Minnesota.

March 5, 1982.

Stuurmans & Kelly, Minneapolis, for Nauman, et al.

Carlson, Fuller & Finney, Bloomington, for J's Restaurants Intern. Inc., et al.

Graham, Himlie & Pyles, St. Louis Park, for Gertzen.

SCOTT, Justice.

These matters, consolidated below for trial, are appeals of an entry of judgment for plaintiffs/appellants Richard L. Nauman, Sheldon M. Rabin and A. W. Moscoe Construction Company, Inc., by the Anoka County District Court, dated November 28, 1980, as amended by the order dated January 5, 1981. Following trial, plaintiffs were granted their request for rescission under Minn.Stat. § 80C.17 (1980), based on the trial judge's conclusion that the defendants had offered and sold franchises in the state of Minnesota which had not been registered. Defendants were ordered to refund to plaintiffs what were found by the trial judge to be franchise fees, as well as the plaintiffs' costs, disbursements, and attorneys fees. We affirm in part, reverse in part.

Plaintiffs initiated this appeal by arguing that the trial judge erroneously excluded prejudgment interest as an element of plaintiffs' damages. Defendants cross-appealed, and challenged the trial court's finding that what defendants alleged to be "investment contracts," i.e., securities, were, in fact, franchises. In the alternative, defendants appealed the trial court's failure to apply the doctrine of equitable estoppel as a bar to plaintiffs' recovery under the franchise law.

The trial court found no fraud under the common law of misrepresentation to have been committed by any of the defendants. Additionally, defendants Stanley Dobrin, Ernest Gertzen, and John Siegfried were found not liable to plaintiffs either for fraud or violation of the Franchise Act, and these defendants are not participants in the appeals.

The judgment of the trial court is hereby affirmed pursuant to Rule 136.01(2), Rules of Civil Appellate Procedure, with respect to the issues raised by the cross-appeal. However, that portion of the trial court's decision which excluded prejudgment interest is reversed, see by analogy *Hueper v. Goodrich*, 314 N.W.2d 828 (Minn. 1982); *Dohs v. Kerfoot*, 183 Minn. 379, 236 N.W. 620 (1931); *I. L. Corse & Co. v. Minnesota Grain Co.*, 94 Minn. 331, 102 N.W. 728 (1905).

Affirmed in part; reversed in part.