# BLAND H. BALLARD v. JOEL F. LYONS and Another.[1]

## May 5, 1911.

## Nos. 16,991—(66).

**Fraudulent representation as to location of suburban lots.**

A misrepresentation of the location, with reference to a suburban street, of platted lots, involves a material matter; and where the location of such lots is shown on the plat by the government subdivision only, their location with reference to the city limits or suburban street is not a matter so readily ascertainable that a purchaser is not justified in relying on the representation made in reference thereto by the seller.

**Rescission of contract — delay.**

Where a party to a contract, upon learning that the contract was fraudulently made, unequivocally disaffirmed the contract and refused to comply further with its terms, a subsequent delay of more than a year in tendering a return of the contract and demanding the money paid thereon did not terminate the right to rescind; the other party to the contract having declared it forfeited on other grounds.

Action in the district court for Hennepin county to recover $170 paid on the purchase price of certain land, the purchase of which was induced by the fraudulent representations of defendants. The answer denied that any false representations were made, and alleged that defendant Lyons cancelled the contract of sale because of the default of plaintiff. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $186.60. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Jesse Van Valkenburg,* for appellants.

*C. B. Schmidt* and *Harry J. Haas,* for respondent.

SIMPSON, J.

Plaintiff entered into an executory contract for the purchase, from the defendant Lyons, of four lots at an agreed price to be paid

[1]Reported in 131 N. W. 320.

in monthly instalments. The defendant Savage & Company, a corporation, was Lyons' agent in making the sale. The plaintiff made a number of payments on the contract. The lots are situated south of the city of Minneapolis, three-fourths of a mile beyond Fifty-Eighth street, as that street is located by suburban plats. The plaintiff brought this action to recover the money paid by him on the contract, with interest, claiming that the defendants had induced him to enter into the contract and make payments thereon by fraudulent representations, and that he had, upon learning of the fraud, rescinded the contract. Upon the trial of the issues raised by denials on the part of the defendants, and a claim of forfeiture of rights under the contract for nonpayment, the plaintiff obtained a verdict. The defendants appealed from the order of the trial court denying their joint alternative motions for judgment or a new trial.

The defendants, upon the trial, challenged the sufficiency of the complaint by an objection to the introduction of evidence thereunder, and here urge that the complaint fails to state a cause of action, in that it alleges that the fraudulent representations relied on were made by an agent of defendants, and in that it fails to show that the payments claimed to have been made by the plaintiff were made to the defendants. A person who is induced by fraudulent representations, made by an agent within the scope of his authority, to enter into a contract with such agent's principal, may, upon discovering the fraud, rescind the contract. The complaint sets out unnecessarily an evidentiary fact; but the facts alleged show, as against the defendants, actionable fraud.

The allegation of the complaint as to payment is that the plaintiff made certain specified payments "in accordance with the terms of the contract." The contract was not in terms pleaded. No motion was made to make the complaint more certain as to the person to whom payment was made. The allegation, as made, is sufficient as against a demurrer. If the payments were made in accordance with a contract induced by the fraud of the defendants, whether the contract required such payments to be paid to the defendants or another, the plaintiff would be entitled to recover from the defendants the

amounts so paid. The complaint, in the respects referred to, contained a sufficient statement of the cause of action.

The claimed misrepresentation that the lots were on Fifty-Eighth street, when in fact they were three-fourths of a mile beyond that street, involved a material fact, and the plaintiff was not bound to determine independently the true location, but might rely on the statement made to him. It is a matter of common knowledge that the value of suburban property is controlled very largely by its distance from urban limits and improvements. Nor is the true location of suburban lots always easily ascertainable. Plaintiff was shown a plat of the addition in which the lots were situated. The location of the platted land was shown thereon in a subdivision of the government survey. The plaintiff testified that he was not familiar with land descriptions, that he did not know the distance from the city limits of the section in which this land was situated, and that he relied on the representations made as to the location of the lots with reference to the city. To determine the location of such a plat with reference to the limits of the city of Minneapolis, or Fifty-Eighth street, where such street was located in suburban plats, would necessarily involve considerable investigation of records, in which, to one not familiar with land descriptions, many difficulties would be encountered, or it would necessitate the employment of an expert. Under these circumstances, the plaintiff was not bound to make the independent investigation, but might rely on the statement made to him by defendants' agent. That the person who carried on the negotiations with plaintiff for the sale of the lots was the agent of the defendants clearly appears. The defendant Savage & Company, sent Langan to plaintiff to make a sale of these lots. It is unimportant whether he was paid therefor a commission or a salary. In making the sale he acted within the scope of his authority. If a contract on behalf of the defendants was procured by his fraud, the defendants take the contract as their agent made it, vitiated by the fraud.

Whether the plaintiff was induced by fraudulent representations, made as claimed, to enter into the contract, was, under the evidence, a question for determination by the jury. The question, also, as to whether plaintiff rescinded the contract upon discovery of the fraud,

was, under the evidence, properly submitted to the jury. While there is some conflict in the testimony, evidence was submitted tending to establish that after the plaintiff discovered, in August, 1908, the actual location of the lots, he made no further payments upon the contract, basing his refusal so to do on the claim that the location of the lots had been misrepresented, that the defendants claimed a forfeiture of the contract for failure to make such payments, that some negotiations were had for a settlement, that at no time thereafter did the plaintiff in any way ratify or affirm the contract, that more than a year after the discovery of the misrepresentation this action was brought, tendering a surrender of the contract and demanding the money paid thereon. It does not thus appear that the plaintiff, if he was induced by the fraud of the defendants to enter into the contract, lost his right to rescind the same by his conduct subsequent to the discovery of the fraud. At no time thereafter did he occupy an equivocal position, or leave the defendants in uncertainty as to whether he had adopted or disaffirmed the contract. The defendants, on their part, claimed that the contract was forfeited. Plaintiff was not in possession of the property. A prompt tender by the plaintiff of a return of the contract would not have changed in any respect the situation of the defendants. The rule applicable to the conduct of one seeking to rescind a contract obtained through fraud is well stated in I. L. Corse & Co. v. Minnesota Grain Co., 94 Minn. 331, 102 N. W. 728, as follows: "The party guilty of the fraud is not entitled to anything more than substantial justice, and a fair opportunity to receive what he parted with. Nor is he in a position to defeat the ends of justice by insisting upon a strict, but useless, tender as a condition precedent to the exercise by the defrauded party of his right to rescind. We hold, upon principle and authority, that it is only necessary for the defrauded party in such cases to make a fair offer to return what he received under the contract and demand what he parted with; and, if his offer and demand be refused, it is sufficient if he makes proof thereof at the trial, and restoration in such practicable way as the court may direct."

From the evidence, the jury was warranted in finding that the

plaintiff, by his conduct, had not lost his right to rescind the contract in question and recover back the money paid under this rule.

The order appealed from is affirmed.