# CHARLESTON.

TONEY CAMICIA *et al v.* S. M. IAFOLLO.

Submitted October 25, 1921.   Decided November 1, 1921.

ADJOINING LANDOWNERS—*Owner May Not Have Damage from Adjoining Owner for Misrepresentation as to Boundary Where Not Knowingly False.*

> The owner of a city lot cannot recover from an adjoining owner damages sustained by him by reason of a mistake in locating his building, because of a representation made by such adjoining owner as to the correct location of his lot, where it appears that such representation was not knowingly false, and that such injured party had equal or superior information to the one making the representation.

Error to Circuit Court, McDowell County.

Action by Toney Camicia and others against S. M. Iafollo. Directed verdict and judgment for the defendant, and the plaintiffs bring error.

*Affirmed.*

*D. J. F. Strother* and *Strother, Taylor & Taylor,* for plaintiffs in error.

*G. W. Howard* and *Litz & Harman,* for defendant in error.

RITZ, PRESIDENT:

Plaintiffs by this action seek to recover from the defendant damages sustained by them because of an alleged false representation made by the defendant as to the location of plaintiffs' lot situate in the city of Welch. Upon a trial of the case the court below directed a verdict in favor of the defendant, and rendered a judgment of *nil capiat* thereon, to review which this writ of error is prosecuted.

Plaintiffs were the owners of a lot situate in the city of Welch, in McDowell county, and fronting 30 feet on McDowell street. The defendant owned a lot adjoining that of the plaintiffs, fronting 35 feet on McDowell street, the parties acquiring their lots about the same time from the same party. Adjoining the lot of the defendant, on the side opposite that

upon which the plaintiffs' lot lies, was a lot owned by another party, upon which was erected a building. Shortly after the purchase of these lots by the parties the plaintiffs desired to erect a building upon their lot, and employed a contractor for the purpose. The defendant also desired to erect a building on his lot about the same time. For the purpose of fixing the location of their lot the plaintiffs went upon the ground with their contractor, the defendant also being present, and upon inquiry made of the defendant were informed that he owned 35 feet next to the other adjoining owner, and that the building upon the adjoining lot was on the line. The parties thereupon measured 35 feet from this building as the lot belonging to the defendant, and then laid off the next 30 feet as the lot belonging to the plaintiffs. The contractor thereupon proceeded to make the excavation and erect the building upon this 30 feet. About the same time the parties decided that it would be advantageous to have an alley way between their buildings, and that inasmuch as the defendant had a 35 foot lot, and the plaintiffs one only 30 feet in width, an alley way of 5 feet should be taken off of the defendant's lot on the side next to the lot of the plaintiffs. It was agreed that the plaintiffs should pay to the defendant the sum of $215.00 for a strip two and one-half feet wide off of his lot. They did pay this sum to the defendant, and the parties executed a deed by which the defendant conveyed to the plaintiffs two and one-half feet off of his lot upon the side next to the lot of the plaintiffs, and further dedicated another two and one-half feet for use as an alley, and for light and air, and the plaintiffs in the same deed dedicated the two and one-half feet thus conveyed to them to the same purposes. Each of the parties proceeded to erect buildings 30 feet wide and four stories high upon the lots as located as aforesaid, leaving a 5 foot alley way between the two houses. Sometime after the buildings were completed the city of Welch, the owner of the lot adjoining the lot of the plaintiffs on the side opposite that upon which plaintiffs' lot adjoined the lot of the defendant, desired to erect a building upon its lot. It entered into an arrangement with the plaintiffs by which it purchased a half interest in the plaintiffs'

brick wall with right to use the same as one of the walls of its building. This was done upon the assumption that this wall was upon the lot of the plaintiffs, and abutted upon the property line between them and the said city. Preparatory to beginning the erection of a building the city sent its engineer upon the ground to locate its lot. This engineer ascertained that instead of the wall of the plaintiffs' building being upon their land, it was upon the land belonging to the city, and that the said city was the owner of 23¾ inches of the land occupied by the plaintiffs' building. Upon making this discovery the city notified the plaintiffs who, thereupon, employed an engineer to definitely locate their lot. This engineer went upon the ground and determined that the result of the survey made by the city's engineer was correct. The plaintiffs and the said city thereupon entered into negotiations for an adjustment of this difficulty, which resulted in the city conveying to the plaintiffs the 23¾ inches of land belonging to it, and upon which the building of the plaintiffs had encroached, and provided in this deed between the parties that the wall should be a party wall. The plaintiffs paid to the city in securing this settlement of the difficulty the sum of $1581.50, and they thereupon brought this suit against the defendant seeking to recover from him this amount, upon the theory that the mistake which they made in locating their building was due to the false statement made by him as to where his lot commenced.

The evidence in the case makes it very apparent that the parties to this suit had the same means of knowledge as to the true location of their lots. They each purchased their property from the same vendor at about the same time, and the inquiry of the plaintiffs directed to the defendant, it clearly appears, was more for the purpose of ascertaining the width of the lot owned by the defendant than for any other purpose. It is true, the plaintiff who conducted the building operations states that the defendant said to him that he, the defendant, owned 35 feet from the building upon the adjoining lot. Other witnesses who were present at the transaction, including the contractor, state that the defendant's statement was that he owned 35 feet next to the lot of the adjoining owner.

The plaintiff conducting the transaction further states that he was informed at the time by the owner of the building on the lot adjoining the lot of the defendant that his building was on his property line; that he knew this because he had had his lot located by a surveyor when he erected the building. It therefore appears that not only did the plaintiffs have the same knowledge that the defendant did as to the true location of their lot, but they had superior knowledge. The testimony makes it quite clear that the only representation made by the defendant to the plaintiffs was that his lot was 35 feet wide, and this is the way the plaintiffs understood it. There may be cases in which a party will be held liable in an action for fraud and deceit for false and fraudulent representations made by him as to the location of property which another is purchasing or dealing with, but in order to hold one liable under these circumstances it must appear that the parties did not have equal means of information in regard to the matter about which the representation is made, that the representation was relied upon by the party claiming damages by reason thereof, and that the same was false in fact. 12 R. C. L., title "Fraud and Deceit" §§ 40 and 134; *Ballard* v. *Lyons,* 114 Minn. 264, 131 N. W. 320, 38 L. R. A. (N. S.) 301 and note; *Bostwick* v. *Lewis,* 1 Day, 250, 2 Am. Dec. 73 and note; *Silver* v. *Frazier,* 3 Allen 382, 81 Am. Dec. 662; *Lawson* v. *Vernon,* 38 Wash. 422, 80 Pac. 559, 107 Am. St. Rep. 880. As before stated, in this case it appears that the plaintiffs not only had equal means of knowledge with the defendant as to the location of their lot, but had superior means of knowledge upon which they relied, and this being true the court below did not err in denying the recovery upon this ground.

There is a matter complained of in the declaration as to which the plaintiffs are entitled to some relief. It is shown that because of this incorrect location of the buildings erected by the parties on their lots the five foot alley way, instead of being entirely upon the 35 foot lot of the defendant is located partly upon the lots of each of the parties, 23¾ inches thereof being upon the original 30 foot lot of the plaintiffs, and the remainder upon the lot of the defendant. The result of this is

that the plaintiffs did not get the 2½ feet of land which the defendant undertook to convey to them. They have the title to.it, but the defendant has constructed his building so as to cover 23¾ inches of it. Can compensation be made to the plaintiffs in this suit for this 23¾ inches of land? To do so would necessarily leave the title to the land in them, and also give them back the money which they paid for it. Of course, under the circumstances shown by the evidence in this case the plaintiffs are in all probability estopped to evict the defendant from the 23¾ inches. The parties built their buildings, eac'h believing that he was on his own land, and a court of equity would in all probability relieve the defendant against the effect of his conveyance as to the 23¾ inches now occupied by him, upon his making compensation to the plaintiffs therefor. But that relief cannot be granted in this suit If the parties cannot adjust the difficulty themselves, a court of equity must be appealed to where the interest of all of the parties may be protected.

We find no error in the judgment complained of, and the same is affirmed.

*Affirmed.*