## LOUIS J. BLOSICK v. AUGUST WARMBOLD AND ANOTHER.[1]

January 27, 1922.

No. 22,691.

**Rescission of contract by vendee for fraud—complaint sufficient.**

1. Complaint considered and *held* to state a cause of action for the recovery of the consideration paid upon a contract for the sale of real property upon rescission by the act of the grantee, upon the ground of fraud.

**Rescission authorized when false representations are made knowingly.**

2. False representations made with knowledge of their falsity, or with intent to deceive or with what is regarded in law as equivalent to knowledge, are sufficient to authorize a rescission of a contract for fraud.

**Laches—rescission based on presence of foul weeds.**

3. It cannot be said as a matter of law that plaintiff was dilatory in serving notice of rescission of a contract in October, based upon fraudulent representations made as to quack grass and Canadian thistles not being upon a farm sold under contract in April.

**Waiver of rescission—holding possession after refusal of tender.**

4. Where plaintiff served a notice of rescission of a contract upon the ground of fraud on October 15, and tendered back possession of the farm sold, which was refused by defendant, and on October 23 brought an action to recover the money paid thereon and remained in possession of the land until the trial of the cause in December following, he does not as a matter of law waive the rescission.

[1] Reported in 187 N. W. 136.

Action in the district court for Stearns county to recover $3,000 paid on the purchase price of land. The case was tried before Roeser, J., who at the close of the testimony denied defendants' motions for a directed verdict and for a dismissal of the action, and a jury which returned a verdict for $2,820. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Donohue & Quigley*, for appellants.

*R. B. Brower*, for respondent.

QUINN, J.

Action to recover the consideration paid upon a contract for the sale of real property, upon rescission by the act of the grantee therein. Plaintiff had a verdict and from an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appeal.

Defendant August Warmbold owned a farm of 135 acres in Stearns county, upon which there were about 90 acres of cultivated land and some ordinary farm buildings. On April 16, 1920, plaintiff entered into a contract with the defendants for the purchase of the farm at the agreed price of $140 per acre, payable as follows: $500 cash, $2,500 May 1, 1920, and $500 on the sixteenth day of October of each year until fully paid, with interest upon deferred payments at the rate of 6 per cent per annum, payable annually. The first payment was made when the contract was signed, the second three days thereafter. Plaintiff went into possession and cropped the land during the season of 1920.

The plaintiff alleges in his complaint that, at and prior to the execution of the contract, defendant August Warmbold, for the purpose of inducing plaintiff to purchase said farm and to part with his money, falsely, fraudulently and deceitfully stated and represented to plaintiff that said farm did not have any quack grass, Canadian thistles or other foul weeds and was entirely free therefrom; that defendant's wife was present and acquiesced therein; that plaintiff believed and relied upon such statements and representations as being true and accordingly made and executed the contract in ques-

tion and paid to the defendants thereon the sum of $3,000; that at the time of the making of such statements and representations and the executing of said contract, as defendants well knew, there were and had been for a long time growing and existing in and upon said land large quantities of quack grass, Canadian thistles and other foul and noxious weeds, greatly damaging and impairing the value of said farm.

It is contended on behalf of the plaintiff that, as the season advanced, large quantities of quack grass, Canadian thistles and other noxious weeds developed, the roots and seeds of which were invisibly imbedded in the soil of said farm at the time of the making of said contract, and that as soon as he discovered the same he caused a notice of his rescission of said contract of sale to be served personally upon each of the defendants and offered to return possession of the farm to defendants, but that they refused to receive the same. The notice of rescission was served on October 15, was received in evidence and contains the following provision:

"I hereby give you notice that I rescind and repudiate said contract for deed in all things, and I hereby offer to return to you the said land, and all that I have received from you which you have not taken into your possession, and I hereby demand payment to me of what I parted with, consisting of said sum of money above stated, with interest at six per cent per annum from said respective dates of payment."

October 19 defendants caused notice of the termination of the contract of sale, upon the ground of default in the payment of interest, to be served upon the plaintiff. This action was commenced on October 23, 1920. Plaintiff remained upon the premises until December 30, the second day of the trial of this cause, when he removed therefrom. The notice of rescission above referred to was signed only by the plaintiff personally. Upon the trial plaintiff brought into court for the use of the defendants the keys to the buildings on the premises, together with a written rescission of the contract of sale signed by himself and his wife, to which defendants objected and which they refused to receive.

It is a well settled rule of law that false representations made with knowledge of their falsity, or with intent to deceive, or with what is regarded in law as equivalent to knowledge, are sufficient to authorize a rescission of a contract for fraud. 12 R. C. L. 343; note 28 L. R. A. (N. S.) 208; I. L. Corse & Co. v. Minn. Grain Co. 94 Minn. 331, 102 N. W. 728; Neibuhr v. Gage, 99 Minn. 149, 108 N. W. 884, 109 N. W. 1; Ritko v. Grove, 102 Minn. 312-314, 113 N. W. 629; Ballard v. Lyons, 114 Minn. 264, 131 N. W. 320, 38 L. R. A. (N. S.) 301; Clark v. Wells, 127 Minn. 353, 149 N. W. 547, L. R. A. 1916F, 476; Lyons v. Snider, 136 Minn. 252, 255, 161 N. W. 532.

Defendants present 14 assignments of error, but as we understand, their contention is that the complaint fails to state a cause of action; that the notice of rescission is insufficient, for the reason that it is not signed by the plaintiff's wife; that, even though plaintiff offered to return the property, he subsequently waived his right to recover by reason of his own acts, and that the court erred in its rulings upon the admissibility of evidence and in its charge.

We have examined and considered the allegations of the complaint and find no fault with it; a little verbose perhaps, but it states a cause of action for the recovery of the consideration paid upon a contract for the sale of property, upon rescission thereof by the grantee upon the ground of fraud.

It is common knowledge that it is a difficult task at times, especially during the early farming season, to detect the presence in soil of noxious weeds such as those mentioned in the pleadings. If plaintiff's story of the situation is to be credited, and the jury seems to have so held, it cannot be said as a matter of law that he was dilatory in serving notice of rescission of the contract, based upon the alleged foul condition of the farm. It is true he waited from April until October before repudiating the contract. It would seem but just that he be given a reasonable time in which to allow the herbage to develop sufficiently to enable him to determine its character. The trial court we think properly submitted the question whether plaintiff's action in repudiating the contract was timely and whether he did what was in his power under the circumstances to restore to the defendants the property which he had received. He offered to de-

liver possession of the farm and defendants refused to receive it—
he could do no more. The offer was unconditional and he kept it
good by coming into court and renewing the same and by furnishing
what amounted to a cancelation of the contract signed by himself
and wife. 2 Black, Rescission & Cancelation, § 617.

In our opinion there is nothing in the contention of the defend-
ants that the rescission was annulled by the retention of possession
of the premises subsequent to the service of the notice of rescission.
The defendants had refused to accept possession; the notice was
served upon them on the fifteenth day of October, and on the nine-
teenth defendants served a notice upon plaintiff of cancelation of the
contract of sale because of default in the payment of interest, which
may have been three days past due. On October 23 this action was
commenced, from which defendants must have understood that plain-
tiff had in no manner abandoned or waived the rescission. Nor
will defendants' efforts to cancel the contract by service of the statu-
tory notice deprive plaintiff of his right to recover what he had
parted with. There was no default at the time of the service of the
notice of rescission. The statutory notice to cancel the contract
upon the ground of the nonpayment of a monad of interest for the
period of three days can avail defendants nothing in this litigation.
When the notice to rescind was served and an offer to return the
property which plaintiff had received was made and positively re-
fused by the defendants, if sufficient ground for rescission existed,
plaintiff was entitled to recover the money with which he had parted.
Once rescinded, the contract was at an end and could not be can-
celed by statutory or any other kind of notice. The refusal by the
defendants to accept the property when offered, does not go to the
insufficiency of the tender. Fawkes v. Knapp, 138 Minn. 384, 165
N. W. 236.

It is urged that the charge of the court gave no sufficient guid-
ance to the jury and failed to define or outline the issues of fact
upon which the jury were called to pass. We think it was not only
fair but covered the law of the case very fully. It clearly laid be-
fore the jury the burdens that were upon the plaintiff in order to
establish his right of recovery. No essential features of the case

were omitted, and it was as fair as the appellants had a right to expect. It informed the jury as to their duty in regard to whether plaintiff had surrendered his rights under his notice of rescission, or whether he had waived the same. We find no reversible error in the record.

Affirmed.