Jerome **DOERR** and Shirley Doerr, Appellants,

v.

Linda **CLAYSON**, an individual, Respondent,

and

North-Northeast Realty, Inc., Respondent.

No. CX–81–226.

Supreme Court of Minnesota.

Nov. 1, 1985.

Paris Don Ray Getty, Forest Lake, for appellant.

Linda Clayson, pro se.

Herman L. Talle, Anoka, for North-Northeast Realty.

## OPINION

SCOTT, Justice.

This is an appeal from an order for partial summary judgment issued by the district court of the Tenth Judicial District. There were extensive pretrial proceedings

before various courts of that district. We recite only that procedure which is pertinent to this appeal. We reverse and remand.

Jerome and Shirley Doerr were interested in purchasing a dwelling that they could repair and later sell for a profit. In 1978, Jerome Doerr contacted North-Northeast Realty, Inc., for help in acquiring such a dwelling. The real estate agency showed Doerr property located in Anoka County on which two dwellings stood. On March 29, 1979, the Doerrs signed, as vendees, a contract for deed for the purchase of this real estate. They paid $7,200 as a down payment and agreed to pay $115 on the fifteenth of each succeeding month until March 15, 1982.

On July 23, 1979, the vendees brought suit alleging fraudulent misrepresentation on the part of Linda Clayson, the vendor, and North-Northeast Realty, Inc., the real estate agency. They contended that the vendor and real estate agency falsely represented to them that the property could be severed into two lots, each of which would contain one dwelling. The vendees further alleged that the real estate agency presented a diagram that falsely depicted the property as "whole" and "with no missing parcels."[1] The vendees requested that specific performance of the contract be granted or, in the alternative, that the contract be rescinded and all installments be returned.

The vendees continued to pay the monthly installments that came due under the contract for deed until October 15, 1979. Thereafter, they considered the contract for deed "rescinded" and discontinued their repair of the two dwellings. The vendees alleged that in the process of repairing the two dwellings they expended sums of between $10,000 and $15,000.

On March 4, 1980, the vendor served on the vendees a notice of contract cancellation pursuant to Minn.Stat. § 559.21 (1978).

The vendees continued with their fraudulent misrepresentation action against the vendor and the agency, filing a notice of issue-readiness for trial on April 1, 1980. The statutory cancellation period ended on May 4, 1980.

Thereafter, the vendor moved for summary judgment, contending that the vendees, by failing to redeem during the statutory cancellation period, forfeited all interest in the property and all claims based thereon. The district court granted, in part, the vendor's motion. It held that because the vendees failed to pay the overdue installments before the statutory cancellation period ended, all their rights under the contract terminated. They were, therefore, not entitled to specific performance or rescission of the contract for deed, and their right to maintain an action for fraudulent misrepresentation was lost. The court, however, allowed a claim against the vendor based on unjust enrichment to proceed to trial. A later order concluded that the claim against the real estate agency based on negligence had not been dismissed, but the claim based on fraudulent misrepresentation had.

The pretrial record contains a motion made by the attorney for the vendees, which reads, in part:

MR. GETTY: I'd like to make a motion to the Court that the issue of whether or not that Contract for Deed was rescinded or cancelled is a Jury question. It's a question of fact that Judge Dablow improperly usurped from the jurisdiction. In making this motion at this time, I believe that the issue is whether or not my clients, in fact, voided their acceptance of the Contract. The case law in Minnesota says that if you void your acceptance, there can be no statutory cancellation, and our position is that any attempt on the part of the defendant Clayson to cancel that Contract for Deed

---

1. A parcel located near the property sold to the Doerrs was not owned by the vendor. The legal description in the contract for deed did not describe this parcel; however, the vendees alleged that they were led to believe that the parcel would be conveyed to them. Apparently, without this parcel severance of the property into two lots, each with one dwelling, would violate local zoning laws.

was illusionary because it had already been given back.

THE COURT: Well, I am not going to review the basis on which Judge Dablow made an Order and I will recognize the Order as being in full force and effect, so your motion is denied.

MR. GETTY: I would like to preserve that on the record, then, that that is an issue that should be properly presented to the Jury and that the issue of fraud, containing both tort and contract, and which Judge Dablow dismissed the claims based on the Contract, the tort issue fraud still exists and should properly be presented to the Jury.

A trial on the unjust enrichment claim against the vendor and the negligence claim against the agency was held. The jury returned two special verdicts in favor of the vendees, awarding them $3,500 under the unjust enrichment claim and $3,638 under the negligence claim. The vendees filed a timely notice of appeal on the issue of the granting of partial summary judgment only. We therefore do not have the trial record before us.

The following issues are presented in this appeal:

(1) Whether the trial court properly granted partial summary judgment on the basis that the expiration of the statutory cancellation period precludes an action based on fraudulent misrepresentation brought by the vendee in a contract for deed against the vendor, in light of vendees' claim of prior rescission.

(2) Whether the expiration of the statutory cancellation period precludes an action based on fraudulent misrepresentation brought by the vendee in a contract for deed against the real estate agency which sold the property.

■ 1. In *Blosick v. Warmbold*, 151 Minn. 264, 187 N.W. 136 (1922), we recognized the right of a vendee who is free from default under a contract for deed to rescind the contract, and noted that any later attempt by a vendor to cancel the contract by service of the statutory notice

is ineffective. In *Blosick*, the vendor allegedly represented to the vendee that the farm for sale was entirely free from quack grass, Canadian thistle, and other noxious weeds. When the farm later became infested with weeds, the vendee notified the vendor in writing that he was rescinding the contract for deed and offered to return the farm to the vendor. The vendor, however, refused to accept it and, upon default by the vendee, served a notice of cancellation under the statute. The vendee immediately brought suit, under a fraudulent misrepresentation theory, to recover the consideration paid on the contract. In holding for the vendee, we stated:

> When the notice to rescind was served and an offer to return the property which plaintiff had received was made and positively refused by the defendants, if sufficient ground for rescission existed, plaintiff was entitled to recover the money with which he had parted. Once rescinded, the contract was at an end, and could not be canceled by statutory or any other kind of notice.

*Id.* at 268, 187 N.W. at 137. In *Liebsch v. Abbott*, 265 Minn. 447, 456, 122 N.W.2d 578, 585 (1963), we affirmed the general principle enunciated in *Blosick* that, once rescinded by a vendee, the contract for deed could not be cancelled by the vendor.

As in *Blosick*, the vendees here allege that they rescinded the contract for deed before the vendor served notice of cancellation pursuant to the statute. The vendees commenced an action, requesting that the vendor be ordered to convey a parcel that the vendees, as a result of allegedly fraudulent representations made to them, believed they owned. In the alternative, they requested the court to rescind the contract for deed. Thereafter, the vendees allegedly notified the vendor that no further payments under the contract for deed would be made unless the vendor could assure that the missing parcel would be conveyed in the near future. After no assurances were given and before the vendor served the notice of cancellation, the vendees allege that they notified the ven-

dor that they had stopped restoration of the dwellings and considered the contract for deed "rescinded."

Whether the actions of the vendees in this case constitute a valid rescission of a contract for deed is a question for the trier of fact. The allegations of the vendees, viewed in the light most favorable to them, present a genuine issue of material fact. *See Betlach v. Wayzata Condominium,* 281 N.W.2d 328 (Minn.1979); *Hirth v. Village of Long Prairie,* 274 Minn. 76, 143 N.W.2d 205 (1966). The vendees should be allowed to establish, if they can, that they, like the vendee in *Blosick,* duly rescinded the contract and thus were not precluded from suing for fraud.

2. In granting summary judgment in favor of the real estate agency on the vendees' fraudulent misrepresentation claim,[2] the district court failed to consider our decision in *Raach v. Haverly,* 269 N.W.2d 877 (Minn.1978). In *Raach,* the vendee discovered, two years after purchasing a lake resort, that the acreage of the property was smaller than represented to him by the real estate agents and owners. Instead of paying his installment under the contract for deed, the vendee filed suit, alleging fraudulent misrepresentation. The vendors, however, cancelled the contract for deed pursuant to statute and repossessed the resort. After a trial on the fraudulent misrepresentation claim, the jury found against the real estate agents, but for the vendors.

 In affirming the actions of the trial court in *Raach,* we held with the modern trend of the law that holds real estate agents liable for fraud even though their principals are not subject to liability. *Id.* at 880–81. We noted that the cancellation of the contract for deed had no effect on the real estate

agents because they were not parties to the contract. The fraudulent misrepresentation claim against the agents was a tort action that existed independently of the contract for deed.

Here, as in *Raach,* the vendees allegedly relied on the representations of the real estate agency. They brought suit, as did the vendee in *Raach,* against both the vendor and real estate agency, alleging false statements as to the amount of land involved. *Raach* controls. Their fraudulent misrepresentation claim against the agents should not have been dismissed.

We hold that in light of our decisions in *Blosick* and *Raach,* the district court's partial summary judgment order must be reversed.

Reversed and remanded.

---

**2.** The partial summary judgment order referred only to the vendor, not the agency. When considering the vendees' motion to amend their complaint, however, the district court interpreted the order to apply to both the vendor and agency:

> MR. GETTY [counsel for the vendees]: Your Honor, it's our position that the summary judgment was issued against the plaintiffs, vis-a-vis North-Northeast Realty which is a

joint defendant, not the selling party but the agent which sold the property, which made its fees and commissions by inducing the sale. THE COURT: My order is that the specific performance is not available, rescission is not available, and action for fraudulent misrepresentation based upon the contract for deed is not available. The only thing available is unjust enrichment between you and your people and the contract owners.