## DICK et al. v. MARX & RAWOLLE, Inc.

(Court of Appeals of District of Columbia. Submitted December 10, 1924. Decided January 5, 1925.)

No. 136.

1. **Bills and notes ⚖=476(1)—Affidavit of defense held insufficient to deny consideration.**

Affidavit of defense, alleging that, when note sued on was given, defendant maker "claimed" that he was not indebted to plaintiff, and that plaintiff was asserting debt "not justly due," *held* insufficient to effectively deny consideration.

2. **Bills and notes ⚖=104—Note executed to avoid bankruptcy proceedings not void for duress.**

Where debtor, disputing a creditor's claim, executed a note to creditor to avoid bankruptcy proceedings, threatened by creditor, such threat did not constitute duress.

3. **Evidence ⚖=441(11)—Provision in note for extension could not be varied by proof of parol agreement for extension of whole.**

Provision in note that, if one-half be paid at maturity, an extension of six months would be allowed for balance, could not be varied by proof of parol agreement for extension of whole.

Appeal from Supreme Court of District of Columbia.

Action by Marx & Rawolle, Inc., against Charles Dick and Carrie P. Dick. From a judgment for plaintiff, defendants appeal. Affirmed.

Certiorari denied. 45 S. Ct. 509, 69 L. Ed. ——.

F. C. Bryan, of Washington, D. C., for appellants.

H. W. Wheatley, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal by the defendants below from a judgment entered against them by the Supreme Court of the District of Columbia under the seventy-third rule of practice in that court. Under that rule, in actions arising ex contractu, if the plaintiff shall have filed, at the time of bringing his action, an affidavit setting out distinctly his cause of action and the sum he claims to be due, exclusive of all set-offs and just grounds of defense, and shall have served the defendant with copies of the declaration and affidavit, he shall be entitled to a judgment for the amount so claimed, unless the defendant shall file, along with his plea, if in bar, an affidavit of defense, denying the right of the plaintiff as to the whole or a specified part of his claim, and specifically stating, also, in precise and distinct terms, the grounds of his defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part.

The declaration in this case counted upon a certain promissory note, the plaintiff alleging that the defendants had duly executed and delivered it to plaintiff, that it was due and payable but unpaid, and claiming judgment thereon for a specified sum in accordance with its terms. An affidavit, responding to the foregoing rule, was filed by the plaintiff in support of the declaration.

The defendants filed a plea averring that they did not undertake or promise in manner and form as the plaintiff had complained against them. At the same time the defendant, Charles Dick, on behalf of himself and his codefendant, filed an affidavit of defense, alleging that at the date in question he was indebted to various banks in excess of the sum of $1,000,000, evidenced by extension notes then matured; that he was unable to pay the same, and was then negotiating for a further extension thereof, as was well known to the plaintiff; that plaintiff theretofore had contracted to sell to the Lyraphone Company of America certain goods and materials for the payment of which said defendant had jointly obligated himself; that plaintiff claimed a balance due under said contract of approximately $30,000, whereas said defendant claimed, by reason of the nondelivery of goods when promised, and the subsequent increase in the market value thereof, that he and said company had been damaged to an even greater sum, and therefore owed the plaintiff nothing; that plaintiff, well knowing all the facts, and knowing that said defendant would be financially ruined if he could not secure an extension upon his indebtedness to the banks aforesaid, for the purpose of securing an unfair advantage over the defendant, and compelling him to pay a debt not justly due, threatened to commence bankruptcy proceedings against him, and by means of such threats coerced and intimidated these defendants into signing the note sued upon, against their will, in order to prevent even greater financial loss by reason of the threatened proceedings. The affidavit also averred that, at the time they signed the note in question, they were assured that it would be extended when due,

if they were then unable to pay the same; but plaintiff has since refused to perform this promise.

Upon motion of the plaintiff the lower court held that the foregoing affidavit did not state facts sufficient to defeat the plaintiff's claim in whole or in part, and accordingly rendered judgment against the defendants for the amount of the note. The present appeal was taken from that judgment.

[1] We think this ruling was correct. The defendants admitted that they had executed and delivered the note in question, and that the same was unpaid. They may have intended by their affidavit to deny that the note was given for a valid consideration, but they failed to make such a denial in fact. It is true that the affidavit states that, at the time when the note was signed the affiant "claimed," he was not indebted to the plaintiff, and that the plaintiff made threats of proceedings in bankruptcy against him in order to compel him to pay "a debt not justly due." These allegations, however, do not effectively impeach the consideration imported by the note. They signify merely that the respective parties were then engaged in a controversy concerning a claim which the plaintiff asserted against the defendant, and which the latter disputed, and that in order to avoid bankruptcy proceedings, threatened by the plaintiff, the defendants executed and delivered the note sued upon, and secured the benefits thereof. It is nowhere denied that the plaintiff was acting in good faith when it claimed that the defendant was indebted to it as aforesaid, although it is charged that its threats of bankruptcy proceedings were oppressive and fraudulent.

[2] Under the circumstances set out in the affidavit, however, the alleged threat of the plaintiff did not constitute fraud or duress, for the plaintiff had a lawful right to commence such proceedings against the defendant, in order to secure or collect the claim which it was then asserting against him. The following quotation from 13 Corpus Juris, p. 399, together with the citations there given, is in point: "A threat to do what one has a legal right to do cannot constitute duress, such as to foreclose or to exercise the power of sale on a mortgage, a threat of arrest, or arrest on civil process on a legal claim, when such arrest is allowed by law, or a threat of, or the bringing of, a lawsuit or civil process, or a threat to levy an attachment or execution or to file a mechanic's lien." See French v. Shoemaker, 14 Wall. 314, 20 L. Ed. 852; Silliman v. United States, 101 U. S. 465, 25 L. Ed. 987.

[3] In the affidavit of defense it is alleged that, when the note was executed by the defendants, they were assured by the plaintiff that a certain extension would be granted them if they were unable to pay the note at maturity, but that plaintiff had since refused the same. So far as appears, this alleged promise was without lawful consideration; and, moreover, the note itself contains a provision in relation to an extension, to wit, that, in case one-half of the note be paid at maturity, an extension of six months should be allowed for the balance. This term of the written note cannot be varied by parol. Inasmuch, therefore, as the defendants admitted the execution and delivery of the note, and did not effectively deny a consideration for it, nor state any other valid defense, the lower court was right in entering judgment against both of them upon it.

The judgment of the lower court is affirmed, with costs.

Petition for rehearing denied January 17, 1925. Petition for writ of error to United States Supreme Court denied February 14, 1925.