## BOARD OF TRUSTEES OF NATIONAL TRAINING SCHOOL FOR BOYS v. O. D. WILSON CO., Inc.

### No. 8198.

United States Court of Appeals for the District of Columbia.

Argued Jan. 5, 1943.

Decided Jan. 25, 1943.

Mr. Bernard Margolius, Assistant United States Attorney, with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellant. Assistant United States Attorney, of Washington, D. C., filed an appearance for appellant.

Mr. Ward B. McCarthy, with whom Messrs. Leonard J. Ganse and Carl F. Bauersfeld, all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellee company sued appellant school for $1,600 as the reasonable value of a floor which appellee installed in appellant's gymnasium. The complaint alleged the following facts. Appellant asked for bids on a job which included this floor and other items. Appellee learned of the invitation only a week before bids were due, and its estimator worked under pressure. When he added the items of appellee's proposed bid he inadvertently omitted the amount, $1,600, which he intended to include on account of the floor. The bid which appellee thereupon submitted was lowest by $2,010. Shortly after the bids were opened, appellee discovered its mistake and asked leave to withdraw its bid; but appellant replied that the bid bond of $1,500 would be forfeited if it refused to perform. Thereupon appellee executed a written contract in accordance with the bid. It notified appellant that it was doing so under protest, "reserving" all rights arising from its estimator's mistake. Appellee performed the contract and collected the entire contract price, $5,937. The cost of performance to appellee was $6,931.32.

Appellant's answer admitted these allegations. It also stated that appellant, in refusing consent to withdrawal of the bid, acted on instructions of the Comptroller

General[1] and so informed appellee. Both appellant and appellee moved for summary judgment. The District Court gave judgment to appellee for $1,600.

It may be that appellee had a right to rescind its bid because of the mistake.[2] We need not decide that question. When appellant denied the right, appellee vaguely asserted it but did not exercise it. Instead, it entered into a contract. It did so under no mistake, for it then knew all the facts including its former mistake. In furnishing the floor for which it now sues, it performed its contract and no more. It is elementary that in the absence of fraud, mistake, duress, and the like, one who merely performs his contract can recover merely the contract price.[3]

Appellee contends that it made the contract under duress, since appellant threatened to forfeit the bid bond if it refused to contract in accordance with the bid. But if appellee had, as it insists, a right to rescind, appellant had no power to make good its threat. Its denial of the right to rescind did not conclude the question. Appellee could litigate it. Appellant was equally entitled to litigate it or, as it did in effect, threaten to litigate it. It follows that there was no duress.[4] Appellee simply chose to contract and perform rather than have its right to rescind judicially determined. It is bound by the contract and cannot recover in this action.

There is more than a technical legal difference between rescission and the course which appellee took. The practical and equitable difference is considerable. Rescission would have meant no work and no pay. As far as appears, that would have involved no unfairness to either party. But it would be unfair to require appellant to pay $1,600 more than it agreed to pay and appellee, with knowledge of all the facts, agreed to accept. If appellee had the right to rescind, it could either contract and perform or refuse to do so. It could not on any theory contract, perform, collect the full contract price,[5] and then repudiate the contract and recover as if there had been none. It could not acquire such a right by purporting to "reserve" it. This is what it has attempted to do.

Reversed.

---

[1] 17 Comp.Gen. 659.

[2] Moffett, Hodgkins & Clarke Co. v. City of Rochester, 178 U.S. 373, 20 S. Ct. 957, 44 L.Ed. 1108; Alta Elec. & Mech. Co., Inc., v. United States, 90 Ct. Cl. 466.

[3] Hawkins v. United States, 96 U.S. 689, 24 L.Ed. 607.

[4] "A threat to bring a civil action or to resort to remedies given by the contract is not such duress as to justify rescission of a transaction induced thereby, even though there is no legal right to enforce the claim, provided the threat is made in good faith; that is, in the belief that a possible cause of action exists." 5 Williston, Contracts, Rev.Ed. § 1606. Dick v. Max & Rawolle, Inc., 55 App. D.C. 267, 4 F.2d 879, certiorari denied 268 U.S. 688, 45 S.Ct. 509, 69 L.Ed. 1158; McKenzie-Hague Co. v. Carbide & Carbon Chemicals Corp., 8 Cir., 73 F. 2d 78.

In Silliman v. United States, 101 U.S. 465, 25 L.Ed. 987, the government caused barge owners to enter into new charter-parties by refusing either to perform earlier ones or to release the barges. The Court held that the owners were bound by the new charter-parties.

[5] Connolly v. Bouck, 8 Cir., 174 F. 312, certiorari denied 220 U.S. 610, 31 S.Ct. 714, 55 L.Ed. 608; United States v. White Oak Coal Co., 4 Cir., 5 F.2d 439; White Oak Coal Co. v. United States, 4 Cir., 15 F.2d 474, certiorari denied 273 U.S. 756, 47 S.Ct. 459, 71 L.Ed. 876.