**PORTLAND HOTEL CORPORATION et al.
v. FIDELITY STORAGE CORPORA-
TION et al.**

No. 8202.

United States Court of Appeals for the
District of Columbia.

Argued Feb. 10, 1943.
Decided Feb. 19, 1943.

Mr. Robert H. McNeill, of Washington, D. C., for appellants.

Mr. John H. Burnett, of Washington, D. C., with whom Mr. Chapin B. Bauman, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, JJ.

PER CURIAM.

Appellees leased the Portland Hotel to appellants. The lease was later modified and extended by a succession of supplemental agreements. Appellants now sue ap-pellees to cancel these supplemental agreements, to recover the difference between the rent paid under them and the rent fixed in the original lease, and to recover money spent for maintenance, repairs, and improvements. This appeal is from a summary judgment in favor of appellees.

The complaint alleges that appellees warranted that they would maintain the premises in condition to be operated as a hotel. The lease and agreements, attached as exhibits, show the contrary. Appellants themselves agreed, in the lease, that they would "make all repairs," and also that they would spend $2,000 annually "as said sum is received * * * as profits" in "additions and improvements." In the supplemental agreements, which incorporated and modified the original lease, appellees released appellants from making annual improvements, promised that they would themselves make specified improvements, and assumed certain parts of appellants' obligation to make repairs; appellants agreed to make any repairs, alterations, or additions which the public authorities might require, and also agreed to increases in the rent.

■ ■ Appellants complain that they paid the increased rent which they agreed to pay. They also complain that the hotel fell into such disrepair that it could not be operated, and that they were therefore obliged to spend money for repairs and improvements. They do not allege that appellees failed to make the repairs and improvements which they specifically agreed to make. The complaint charges nothing that was not required or permitted by the successive agreements between the parties. It shows that differences arose before the first supplemental agreement was made. It states that appellants had earned no profits and had spent nothing for additions and improvements, that appellees threatened them with eviction, that appellants were without funds, and that they thereupon entered into the first supplemental agreement to avoid eviction. They call this duress. But appellees were entitled to litigate, or threaten to litigate, the question whether appellants' failure to make improvements ended their rights under the lease. Where there is a genuine controversy, a threat to sue is not duress. Board of Trustees of the National Training School for Boys v. Wilson Co., —— U.S. App.D.C. ——, 133 F.2d 399, decided Janu-

ary 25, 1943. The complaint shows no better basis for the charge of duress in connection with the subsequent supplemental agreements. It follows that appellees were entitled to summary judgment in this suit. We need not consider their other contentions.

Affirmed.