**DOYLE v. DISTRICT COUNCIL NO. 4 OF BUFFALO AND VICINITY, BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA, et al.**

Civ. A. No. 4728.

United States District Court
W. D. New York.

May 19, 1952.

Falk, Twelvetrees, Johnston & Siemer, Buffalo, N. Y., for plaintiff.

Jean A. Martin, Buffalo, N. Y. (Charles P. Maxwell, Buffalo, N. Y., of counsel), for defendants.

KNIGHT, Chief Judge.

This is a motion for summary judgment in favor of the defendants. The notice of motion, returnable March 17, 1952, states "the plaintiff (sic) will move this Court for a summary judgment in favor of the defendants in the above entitled matter pursuant to the Rules of Civil Procedure" and such other relief as may be proper.

From the affidavits and the oral argument on this motion, the salient facts appear to be that plaintiff and the general

contractor entered into an agreement on December 12, 1947, under which plaintiff was to do the painting of the Veterans' Hospital at Buffalo, New York. Before entering into the agreement plaintiff claims to have had a confirmation by defendants that the rate of wages for painters on that job would be $1.87½ an hour until and unless the government should issue a change order to take care of any increase in wages. The agreement between the Union Painting & Decorating Contractors of Buffalo, of which plaintiff was a party, and District Council No. 4 of Buffalo and Vicinity, Brotherhood of Painters, Decorators and Paperhangers of America, among other things, contained provisions with respect to employment relating to conditions, hours, wages and arbitration.

Between December 12, 1947, and the date when the general contractor requested plaintiff in December, 1948, to commence painting under the contract with plaintiff, the prevailing wage rate for local painters had been increased twenty-five cents an hour. The attitude of the Union members toward this hospital job was claimed to be such that plaintiff, on December 29, 1948, addressed a letter to Alford J. Farley, Secretary-Treasurer of District Council #4, as follows:

"December 29, 1948
"Mr. Alford J. Farley
Secretary & Treasurer, District Council #4
78 Philadelphia Street
Buffalo 7, New York
                    Re: Joint Trade Board
"Dear Mr. Farley:

"In keeping with Article XI–Section 1 of our Working Agreement, we hereby appeal to your board to avoid a threatened dispute due to a direct violation of Article XII–Section F by the District Council.

"The District Council has allowed the posting of a sign at the 'Day Room' advising members of the Union to 'Stay away' from the E. J. Doyle Painting Company's Veterans' Hospital Job, as the job is a $1.87½ hourly rate job.

"We are ready, willing and able to prove to the Joint Trade Board that the prevailing rate of wage established by law for Painters, to be used on the Veterans' Administration Hospital, Buffalo, New York as determined by the Secretary of Labor, is $1.87½ per hour.

"As we anticipate starting this job on January 3, 1949, we would like an immediate decision from the Joint Trade Board relative to the wages to be paid on the job.

"Very truly yours,
"E. J. Doyle Painting Company
"E. J. Doyle
"E. J. Doyle, President"

Following the request of the plaintiff the matter was thereupon submitted to the Joint Trade Board. Such Board is described in Article XI, §§ 1–6 of the agreement between the contractors and the painters union above referred to, and its membership, purpose, conduct and powers are set down in detail. As to the matter so submitted, the Board found that the complaint by plaintiff was premature as there had been no work stoppage.

On January 25, 1949, after plaintiff claimed defendant had again breached the contract of employment, plaintiff wrote Alford J. Farley another letter as follows:

"January 25, 1949
"Alford J. Farley, Secretary
District Council #4
78 Philadelphia Street
Buffalo 7, New York
"Dear Mr. Farley:

"This letter is in confirmation of our telephone conversation requesting a meeting of the Trade Board, as set up in our working agreement, for 8:00 P.M. Wednesday, January 26, 1949 at the Hotel Lafayette, Buffalo, New York.

"Very truly yours
"E. J. Doyle
"E. J. Doyle, Secretary
"U.P.D.C.B."

Another meeting of the Joint Trade Board was thereby induced by plaintiff, which meeting was held January 26, 1949, pursuant to plaintiff's request, to consider the matter then submitted by plaintiff. At the time plaintiff presented his matter to

the Board and while it was being considered by the Board, but prior to the formal determination of the matter by the Board, plaintiff withdrew his claim of breach by the defendants of the alleged employment agreement. The parties to this action, as a result of the Board meeting of January 26, 1949, then entered into a "Supplemental Agreement" dated January 27, 1949, which was stated therein to be "Amendatory and supplemental to a certain agreement * * made as of the first day of May, 1948 (dated June 7, 1948; effective May 1, 1948) * * * which said agreement shall remain in full force and effect except as the same may be inconsistent with or modified and amended by this supplemental agreement." This supplemental agreement was to remain in force until the painting of the Veterans' Hospital should be completed. It also provided for the straight time hourly rate of $1.87½ to continue during the regular hours from 8 A.M. to 12 noon, and from 12:30 P.M. to 3:30 P.M., Monday through Friday, and double time for the 8th hour of work on those days and 12½ cents for carfare and incidentals, making a total pay of $17 per day. Provision was also made in the supplemental agreement for compliance with the bid-contract for spraying lacquer and paint, for the hiring and discharging of painters and further provided against strikes, lockouts, slowdown, stoppage and other interference by any of the parties pending the completion of the painting.

After the making of the supplemental agreement, prepared by plaintiff's counsel, dated January 27, 1949, all went well and the painting was completed. The contract between the plaintiff and the general contractor appears to have been performed and completed on or about December 19, 1949.

Plaintiff, relying on the futility of the supplemental agreement, commenced this action by the service of the summons and complaint on November 17, 1950. Issue was joined by the service of the answer on January 22, 1951. Except that the defendants admit being labor organizations under the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., having their principal places of business at Buffalo, New York, and that the plaintiff is a resident of Buffalo, New York, all of the allegations of the complaint are challenged. The answer further alleges thirteen affirmative defenses.

The nub of the present motion seems to be, can plaintiff, knowing all of the facts at the time of the making of the contract dated January 27, 1949 (after the identical matters, including the wage rate, had been submitted by plaintiff to the Joint Trade Board and been withdrawn upon his learning the pulse of the Board) repudiate that contract which was in accord with the informal determination of the Board and revive the alleged prior contract between plaintiff and District Council No. 4? The question must be answered in the negative. Any undisclosed and unfair figment of consolation in the mind of the plaintiff taken with the naiveté of plaintiff's counsel in so advising plaintiff and his preparation of the supplemental agreement while so harboring such a mental reservation of an action for duress is, at least, unworthy of indulgence. To allow plaintiff to demand that a matter be submitted to the Joint Board, a tribunal amicably constituted as arbitrator, and, after such matter has been heard by the arbitrator to a point where plaintiff is satisfied that an award would not be in his favor, would make arbitration a mere means of mischief, trickery and fraud. Montgomery County v. Carey, 1 Ohio St. 463; Carey v. Montgomery County, 19 Ohio 245; Mitchell v. Newman, 4 Penny., Pa., 443; Toledo S.S. Co. v. Zenith Transp. Co., 6 Cir., 184 F. 391.

Fortified by what plaintiff believed was to be the determination of the Joint Trade Board at the meeting of January 26, 1949, called at the request of the plaintiff, the final words of plaintiff which closed the meeting according to the transcribed minutes of the stenographer taken thereat, were as follows: "Mr. Doyle: Then I withdraw the charges for the good of the cause. I know when I'm licked." After reading the stenographer's full transcript of the minutes of the meeting of January 26, 1949, it is apparent that the plaintiff's

complaint in this action is based on the same matters which were submitted to the Joint Trade Board and that the agreement dated January 27, 1949, resolved in writing, would have been the formal award of the Board. The conduct of the plaintiff and his counsel in the preparation, signing and performance of the Supplemental Agreement came about through no mistake for they knew all of the facts including the previous submission by plaintiff to the Board in December, 1948. Board of Trustees, etc. v. O. D. Wilson Co., 77 U.S.App. D.C. 127, 133 F.2d 399.

In view of the foregoing, the contention of the plaintiff that the supplemental agreement lacked consideration cannot be sustained.

Defendants' motion for summary judgment is granted.