AVCO FINANCIAL SERVICES, INC., and Avco Financial Services One, Inc. a Utah corporation, Plaintiffs and Respondents,

v.

Franklin D. JOHNSON and Kathleen P. Johnson, his wife, Glendon E. Johnson and Bobette Johnson, his wife, Defendants and Appellants.

AVCO FINANCIAL SERVICES ONE, INC., a Utah corporation, Plaintiff and Respondent,

v.

Franklin D. JOHNSON and Kathleen P. Johnson, his wife, Glendon E. Johnson and Bobette Johnson, his wife, Defendants and Appellants.

Nos. 15760, 15781.

Supreme Court of Utah.

June 4, 1979.

Bryce E. Roe of Roe & Fowler, Salt Lake City, for defendants and appellants.

Harold G. Christensen and George A. Hunt of Snow, Christensen & Martineau, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

These appeals are consolidated as they arise out of the same transaction, though brought in two separate actions in the Third District Court, one in Tooele County and the other in Salt Lake County. The actions involve foreclosures of mortgages on real property located in those counties, securing three separate promissory notes. Defendants admitted execution of the notes, delinquency, and notice of delinquency, but raised affirmative defenses of duress and insufficiency of consideration. Plaintiffs filed motions for summary judgment in each action, and defendants responded with an affidavit, signed by Defendant Franklin D. Johnson in each case, which set forth the facts on which defendants relied to support their affirmative defenses. The motions for summary judgment were argued before the Salt Lake District Court and the Tooele District Court, but the Judge of the Salt Lake District Court was first to enter his memorandum decision in which he stated his conclusions that there was no basis for the affirmative defenses. That Court then entered its summary judgment and decree of foreclosure in favor of plaintiffs. A copy of the memorandum decision was submitted to the Judge of the Tooele District Court who then also entered summary judgment and decree of foreclosure in favor of plaintiffs. Defendants appeal, contending that the Courts erred in granting summary judgment as there are material facts in dispute.[1]

Defendant Franklin D. Johnson, by his affidavit filed in opposition to the motions for summary judgment, averred that the notes in question were executed under duress and business compulsion and without consideration in the following manner: That he, Johnson, was president of a corporation called "Terracor"; that plaintiffs and Terracor were at one time associated, but as a result of disagreements had entered into a settlement agreement; that plaintiffs thereafter, for the purpose of obtaining a more favorable settlement than the one previously negotiated, brought an action against Terracor alleging that certain transactions between the corporations were fraudulently induced by actions of one of Terracor's employees, and that Terracor's original corporate financing was unethical and illegal; that at the time such action was brought plaintiffs knew that Terracor was negotiating the refinancing of its entire corporate indebtedness; that plaintiffs also knew that their allegations of fraud and illegality in the original financing would jeopardize such refinancing; that plaintiffs also knew that defendants here were personal guarantors of Terracor's indebtedness; and knew that if Terracor's refinancing were prevented, defendants would be exposed to personal liability on Terracor's indebtedness which was in excess of $24 million; and that defendants were thereby compelled to settle the lawsuit brought by plaintiffs against Terracor by signing the notes and mortgages here in question.

In its memorandum decision, the Salt Lake District Court ruled (1) that there was adequate consideration for the notes as a matter of law;[2] and (2) that the circumstances failed to establish economic duress or business compulsion. As a second ground for its ruling on the duress issue, the Court found that defendants had ratified the notes by making large payments on them for two years, and had not attempted to rescind the notes on the ground of duress

---

1. Rule 56(c) Utah Rules of Civil Procedure.

2. Defendants have not pursued their theory of lack of consideration on appeal.

until after this action was commenced. In so ruling, the Court relied on *Dick v. Marx & Rawolle, Inc.,* 55 App.D.C. 267, 4 F.2d 879 (1925) *Yingling Aircraft, Inc. v. Budde,* 208 F.Supp. 773 (D.Colo., 1962) and the cases cited at 77 A.L.R.2d 426, *et seq.*

The Court in *Dick* held that threats to bring bankruptcy proceedings against the defendant there did not render the notes executed by him voidable, as a threat to do that which the plaintiff had a legal right to do did not constitute duress; and in *Yingling,* the Federal District Court of Colorado ruled that there was no coercion, as the defendant there had a legal remedy which he could have pursued rather than comply with plaintiff's demands. The ruling in *Dick,* however, is not, in our opinion, an entirely correct statement of the law as it has developed since the time of that decision. *Yingling* is distinguishable on its facts, and the rule, though valid there, is not applicable here.

We therefore now revert to our law. In *Fox v. Piercey,* 119 Utah 367, 227 P.2d 763 (1951), this Court reviewed the development of the law of duress since the time of Lord Coke, when only threats of death, dismemberment, mayhem or imprisonment were recognized as coercive actions constituting duress. In that case we followed the modern trend, and adopted the "subjective" test, holding that "any wrongful act or threat which actually puts the victim in such fear as to compel him to act against his will constitutes duress."[3]

■ The test has become whether defendant was in fact coerced to sign a contract by wrongful acts or threats. If plaintiffs' actions are wrongful, viz., are unlawful or brought with improper motive, he can not be heard to say he was merely exercising a legal right. See *Wolf v. Marlton Corp.,* 57 N.J.Super. 278, 154 A.2d 625 (1959); *Wise v. Midtown Motors,* 231 Minn.

46, 42 N.W.2d 404 (1950); *Leeper v. Beltrami,* 53 Cal.2d 195, 1 Cal.Rptr. 12, 347 P.2d 12 (1959); *Snyder v. Samuelson,* 140 Minn. 57, 167 N.W. 287 (1918).

In *Wise v. Midtown Motors, supra,* plaintiff had brought suit against his former employer, seeking to recover for his services on *quantum meruit.* Defendant coerced him into settling the action for $200 by threatening to bring an even greater lawsuit against him and by ruining his future employment prospects. The Minnesota Court said:

> Because a person has a right to threaten to do that which he has a right to do, a threat to bring an action to enforce a lawful demand, or one which he in good faith believes to be lawful, does not constitute duress. [Citing cases] But one has no right to threaten another, in order to accomplish an ulterior purpose, with a groundless action or with an action to enforce some just legal demand where the purpose is not to enforce the demand, but rather by exceeding the needs for enforcement thereof to so use [the] legal process as to oppress his adversary and to cause him unnecessary hardship. A threat to so use legal process constitutes duress where its coercive effect is to overcome the free will of the victim. [At 42 N.W.2d 407, 408.]

■ If the facts as stated in defendants affidavit are true, as they must be treated on appeal from summary judgment,[4] then plaintiffs, when they brought the action against Terracor, knew that their allegations were unfounded; or their intent was not to pursue the action, but to force a more favorable settlement than originally agreed upon, knowing that defendants could not defend it because of economic pressure. If these were their motives, a finder of fact might reasonably find their actions wrongful, and the notes voidable for duress.

---

3. 227 P.2d at 766. See also, *Reliable Furniture Co. v. Fidelity & Guaranty Ins. Under., Inc.,* 16 Utah 2d 211, 398 P.2d 685 (1965), in which this Court held that merely showing that defendant signed a contract while he was in economic distress is insufficient to afford him the relief of avoiding the contract, but if plaintiff knew of

such distress and took advantage of defendant by some wrongful act, the circumstances might constitute duress.

4. *Thompson v. Ford Motor Co.,* 16 Utah 2d 30, 395 P.2d 62 (1964).

■ There are similar issues of fact with respect to whether defendants ratified the contract by making payment on the notes. In *Yingling, supra,* on which the District Court based its ruling, the Court found that the defendant there had ratified the contract by a series of transactions which were inconsistent with rescission, after he had been relieved of the duress. Here, the record does not disclose the conditions under which the payments on the notes were made, nor whether the economic pressures existing at the time of their execution were then relieved.

As there are material facts in dispute, the District Courts erred in granting summary judgment. These cases are reversed and remanded for further proceedings consistent with this opinion. Costs to defendants.

CROCKETT, C. J., and MAUGHAN and HALL, JJ., concur.

STEWART, J., having disqualified himself does not participate herein.